NEW-YORK,
Nov. 1809.

LYTLE
v.
LEE and RUG-
GLES.

could add any thing to the charge of the plaintiff, and the justice answered " no," and left them without any further being said. The jury found a verdict for the plaintiff for 14 dollars.

The case was submitted to the court, without argument.

———

LYTLE *against* LEE and RUGGLES.

In an action of trespass, where the defendant pleads or insists on a right, a general replication *de injuria propria absque tali causa*, is bad; but after a verdict, it will be held good. It seems, that where a plea contains matter of fact and matter of record, it may conclude to the country.

THIS was an action for an assault and battery and false imprisonment. The declaration was in the usual form. The defendant, *Lee*, pleaded two pleas:

1. Not guilty.

2. That the defendant, *Ruggles*, in the term of *May*, 1804, in the court of common pleas of the county of *Washington*, recovered a judgment against the plaintiff, for 72 dollars and 81 cents, for his costs, in an action brought by the plaintiff against *Ruggles*, as by the record, &c. and that the said costs not being paid, and the judgment being in full force, the defendant, *Lee*, as attorney for the defendant, *Ruggles*, in the said suit, issued a *ca. sa.* against the plaintiff, as by the said process or record appears, &c. which writ, before the return day thereof, to wit, on the 4th *September*, 1805, was delivered to the sheriff of *Washington* county; by virtue of

which writ, the said sheriff arrested the plaintiff and imprisoned him, &c. which is the same trespass, &c. and this the said *Lee* is ready to verify, &c.

To the second plea, the plaintiff replied, that he exhibited his bill and brought his action aforesaid, for another and different trespass than that mentioned in the said plea ; for that the defendants on the 1st *July*, 1805, assaulted, beat and imprisoned the plaintiff, without any legal cause, wherefore he prays judgment, &c.

To the *new assigned* trespass, the defendant, *Lee*, replied first, *not guilty ;* and *secondly*, the same special matter as in his second plea to the first supposed trespass.

To the *second* plea under the new assignment, the plaintiff replied *de injuria propria absque tali causa*, &c. and issue was joined.

There was a judgment by default against the defendant, *Ruggles*, and a *venire tam quam*, &c. was awarded.

At the trial, the defendant, *Lee*, was found *guilty ;* and the damages were assessed at 6 cents ; and the jury also assessed the damages against *Ruggles*, at 110 dollars.

The defendants moved in arrest of judgment, on the ground that the last replication was bad ; it was contended that the plea contained matter of record, and matter of fact, and that issue was taken thereon, by the replication *de injuria sua propria absque tali causa,*

*Foot*, for the defendants.

*Russel*, for the plaintiff.

KENT, Ch. J. delivered the opinion of the court. The replication would have been bad upon a special demurrer. The rule, as laid down in *Crogate's* case, (8 *Co.* 66.) and which has since been repeatedly recognised, (*Cooper* v. *Monke*, *Willes's Rep.* 54. *Jones* v. *Kitchin*, 1 *Bos. &*

NEW-YORK,
Nov. 1809.

LYTLE
v.
LEE and RUG-
GLES.

*Pull.* 76.) is, that the general replication *de injuria suâ propria absque tali causa,* is bad, when the defendant insists on a right, and is good only when he pleads matter of excuse. The first resolution in *Crogate's* case, states an example similar to the present case, in which the replication was deemed ill; it was where to an action of false imprisonment, the defendant justified under a writ to the sheriff, and a warrant thereon to him; this general replication to the plea was held bad, because it put in issue to the jury matter of record, as parcel of the cause, and the plaintiff ought not to reply *de son tort* without traversing the warrant. This last objection to the replication, that it puts matter of record and matter of fact, and a variety of matters, all together and at once, in issue to the country, was stated as a reason why the replication was deemed bad on a general demurrer, in *Fursden* v. *Weeks;* (3 *Lev.* 65.) and yet that objection has been denied and overruled in other cases. In *Peter* v. *Stafford,* (*Hob.* 244. *Hutt.* 20.) the suit was for false imprisonment; and the defendant plead that a plaint was levied by one of the defendants in the mayor's court of record at *Bristol,* and that the other defendants as officers arrested the plaintiff; the plaintiff took issue on this, and after a verdict for him, the defendant moved in arrest of judgment, because the issue was matter of record. The court denied the motion, and said it was well tried by a jury, where the matter of record was mixed with the matter of fact; and the same rule was laid down, upon demurrer, by Sir *Dudley Ryder,* and the court of K. B. in *Esplin* v. *Smollet.* (*Sayer,* 208. 301.) I should prefer, therefore, putting the objection to the replication upon the first ground, that the plea did not rest upon mere matter of excuse, but insisted upon a full and adequate right; and then the only question in the case is, whether this pleading is not cured by the verdict; and upon this point we cannot hesitate, at this day, when even before

the statute of *Anne*, such an objection was not sustainable after verdict. In *Banks* v. *Parker*, (*Hob.* 76.) the defendant in an action of trespass justified under a custom, and issue was joined upon this general replication, *de injuria*, &c. and it was held to be cured by the verdict. The case of *Collins* v. *Walker*, (*T. Raym.* 50.) is in point; that was an action for an assault and battery and false imprisonment, and the defendant justified by warrant; and issue was joined upon this general replication, and a verdict for the plaintiff; and the court held it good after verdict, and gave judgment for the plaintiff. We are, therefore, of opinion, that the motion in arrest of judgment must be denied.

Motion denied.