Jackson, J.
The plea in bar in this case seems to have been drawn from some English precedent, founded on the statute of 5 Geo. 2, mentioned in the argument, which allows the bankrupt to plead, in general, that the cause of action accrued before he became bankrupt, and to give that act and the special matter in evidence, although this plea contains some averments which are not considered necessary in the English courts.
The provisions of the thirty-fourth section of the statute of the United States are obviously borrowed from this English statute. But instead of giving a general, flea, like that before mentioned, it provides that the bankrupt may plead the general issue, and give the act and the special matter in evidence.
In the present action, the only plea which would be considered as the general issue is that of nul tiel record, which is not triable by jury ; and, of consequence, the defendant could not avail himself of the privilege granted him by the statute of the United States. He must, of course, plead specially the matter relied on for his discharge ; and the sufficiency of his plea must be determined by the rules of the common law. In this view it is clearly defective, and *234 must have been adjudged bad on demurrer. The only question is, whether it is cured by the subsequent pleadings and the verdict.
The replication seems calculated to impeach the certificate on the ground of fraud. Several facts are suggested, tending to show it fraudulently obtained, and then the conclusion is drawn that it was so obtained. If this is the legal import of the replication, it is confessing and avoiding the bar, and every fact substantially set forth in the bar is admitted.
Now, it is averred by the defendant, that he became a bankrupt within the true intent of the statute of the United States [ * 229 ] before mentioned ; and it also appears, though *not so distinctly averred, that a commission was issued against him under the statute. He further avers that he obtained a certificate of discharge from the commissioners, with the consent of the creditors, and the allowance of the judge, “ according to the provisions of the said act.”
All this could not be true, unless certain other facts also existed. He must have been within the description of persons liable to a commission under the statute ; he must have committed an act of bankruptcy; there must have been a petition by a creditor of a certain description, and a declaration of his bankruptcy by the commissioners. These facts appear to be necessarily involved and implied in those which are set forth in the bar. z
The thirty-fourth section of the statute before mentioned makes the certificate prima facie evidence of all the proceedings precedent to obtaining it; and then provides that a verdict shall thereupon pass for the defendant, unless the plaintiff in such action can prove that the certificate was obtained unfairly, and by fraud, or unless he can show a concealment of effects by the bankrupt, to the value of one hundred dollars.
The replication in the case at bar seems to have been framed with reference to this provision. It cannot be supposed that the plaintiff intended to traverse several distinct and independent facts, which would have made his replication double; and which, if regularly traversed, would have been immediately proved by the certificate, of which a proferí had been made.
Considering the replication in this view, the rejoinder directly traverses the only material averment, viz., the fraud in obtaining the certificate. On this traverse an issue is joined, and the jury have found it for the defendant.
We are all of opinion that this verdict decides the only material fact in the cause; and, of course, we cannot award a repleader The jury may even be considered as having found that the debt of the petitioning creditor was bond fide; because, if it had appeared *235 to them that it was a pretended debt, made by collusion with the defendant, in order to procure *a commission [ * 230 J of bankruptcy and a discharge, they could not have found that the certificate was fairly obtained. So any other fact, tending to prove that it was fraudulently obtained, might have been proved by the plaintiff under this issue. We are now bound to say that no such fact was proved. Neither party could have been surprised by going to trial upon these principles. They could not have supposed that on one issue two or more distinct material points were to be tried.
Upon the whole, here is a discharge substantially pleaded; and the jury have pronounced it sufficient, on the only point on which it was, or perhaps could have been, impeached. We are therefore satisfied that judgment must be entered for the defendants on the verdict, (a)

 [Spear vs. Bicknell, 5 Mass. Rep. 125. — Ingersol vs. Jackson, 9 Mass. Rep. 495. — Ward vs. Johnson & Al., 13 Mass. Rep. 148. —Dunning vs. Owen & Trustee, 14 Mass. Rep. 157. — Hutchinson vs. Brock, 11 Mass. Rep. 119.—-Ed.]