Curia, per Woodworth, J.
The defendant’s plea is good in substance, but bad on special demurrer; because the allegation how the words were understood, and in reference to what they were spoken, was proper evidence under the general issue. The plea amounts to the general issue.
The plaintiff, however, cannot, after replying, go back to the plea, unless it is bad in substance.
The question is, then, on the replication. . The defendant assigns for cause, that it puts in issue matter of record *and matter of fact; that it neither admits nor denies the pendency of the action in which the plaintiff was swórn as a witness; nor that he was sworn; nor that the circuit judge was authorized to swear him; nor that the question alleged in the pleas were agitated on the trial: nor that he ° r ° ’ swore to the facts alleged m the pleas; nor that what he swore was false; nor that the defendant spoke the words in *47 relation to the testimony specified in the plea; nor that he was so understood by the bearers.
The cases of Lytle v. Lee and Ruggles, 5 John. 112, and Plumb v. M’Crea, 12 John. 491, decide that the replication .de injuria sua, &c,, is bad, when the defendant insists on a right, and is good only when he insists on matter .of .excuse. [1]
*47-1 It will be observed that the defendant does not justify the speaking of the words as true; but places his defence *47-2 on the ground, that they were spoken in reference to eertain parts of the testimony which were not material to the *47-3 issue. It being admitted then, that the .words were spoken, is not the defence for speaking, clearly matter of excuse ? *47-4 The plea seems to admit that there was no right to charge the plaintiff with perjury; but he did make that charge, and wishes to be excused for so doing; for that the expression related to such parts of the plaintiff’s evidence as were not material, and, consequently, were not a ground of action. With respect to the objection that the replication attempts to traverse matter of fact and matter of record, it seems to me the statement of the cause pending was matter of inducement merely; which is no objection to the replication. 1 Chit. 581. But independent of this, the better opinion is, that where a plea contains matter of fact and matter of record, it may conclude to the country. This doctrine was recognized in Lyth v. Lee, 5 John. 114, as a general proposition; and is, I think, supported by the cases there cited.[2]
*47-5 My opinion is, that the plaintiff is entitled to judgment on the demurrer; with leave to the defendant to withdraw it on payment of costs.
Judgment for the plaintiff.

 In general, when the defendant’s plea in -trespass or ease consists merely of matter of excuse, and not of matter of right err interest, inconsistent with or affecting the right, the infringement of which is complained pf in th,e declaration, whether it relate to the person, or to personal or real property, the general replication de injuria is sufficient. 8 Co. 67, a.; Com. Dig. Pleader, F. 18, &c.; Doc. Pl. 113 to 115 ; 1 B. & P. 80; 1 East, 212, 214, 218; 2 Saund. 295, n. 1; 7 Price, 670. And in these cases, when a title is stated merely as inducement to the defence, the plaintiff need not .answer, or particularly deny it, because it is merely collateral to the matter ip dispute; but there is a material difference between these cases pud thp instances in which the plaintiff makes title by his declaration to any thing, and the defendant in his plea denies the title, or claims an interest in the subject-matter; for then the plaintiff must reply specially. Yelve, 157; Cro. Jac. 225; Willes, 102,103; Com. Dig. Pleader, F. 20, 21. Thus, in an action for an assault, if the defendant plead son assault demesne, or that he arrested the plaintiff upon hue and cry levied; (8 Co. 67, a; 1 Saund. 244 a, note 7,) or the plea be moderate correction pf a servant for bis neglect of service, the general replication de injuria is sufficient, if the plea, be untrue. Gilb. C. P. 154; Willes, 102. And though such excuse for the personal injury may be stated in the plea to depend on the possession of land or personal property ; as if the defendant plead that the plaintiff entered upon his possession, and that therefore the defendant nyMiter pionus impp.suit to remove him; (Latch, 128, 221; Com. Dig. Plead. F, 18; 12 Mod. 582; ante, 594, n, (y,) or if the plea be that the defendant was seized, &c., as rector, and that the tithes were severed, and that the plaintiff endeavored to carry them away, and that the defendant, in defence of his tithes, molliter mams imposuit, &o.; yet in these pases the general replication is sufficient, and the plaintiff peed not answer the defendant’s title; because the plaintiff by his action claims nothing ip the soil or corn, but only damages for the battery, which is merely collateral to the title, and which is stated merely as inducement. Yelve, 157; Cro. Jac. 224, 235; pom. Dig. Pleader, F. 18; 2 Saund. 295, n. 1; 1 Crom. & M. 200, Howeyer, in a recent case, it seems to have been considered that where the excuse arises, eyen in part, out pf the seizin in fee of another, then de injuria is insufficient. Ante, 606; 1 B. & P. 80; and see Willes, 102, 103; 12 Mod. 382; Cro. Eliz. 539, 540; Cro. Jac. 598; 7 Price, 670. So n trespass to personal property, if the .defendant merely justify the chasing cattle or removing goods from land of which he vyas possessed, the general replication will suffice. Ante, 594, 595. And in trespess to real property, if the defendant in his'plea do not claim any interest therein, or easement *47-1 over the same, the replication de injuria is sufficient; as if in trespass for pulling down a building, the defendant, without claiming any interest therein, plead that he removed it as being a nuisance on his land, this general replication will suffice. Summary Treat, on Pleading, 81, 82; ante, 594, 595. So, if in trespass to land with cattle, the defendant plead that the plaintiff's fences were out of repair, whereby the defendant’s cattle escaped into the plaintiff’s close, this plea consisting merely of matter of excuse, and claiming no interest in the land, may, it is said, be answered by the general replication. Ante, 596, 1 Cr. & M. 500. And though it is stated as a general rule, that where the defence rests upon an authority of law the replication must be special, (8 Co. 67 b,) yet this, as a general position, is inaccurate. 15 Mod. 582. Por if the defendant justify that he, as a constable, without a warrant, took the plaintiff for a breach of the peace; or as a vagrant or lunatic; (Com. Dig. Pleader, P. 18 ; 12 Mod. 582;) or under a public act of parliament; or under a right for all persons given by the common law; (12 Mod. 580, 581; 1 B. & P. 77 ; Summary Treat, on Pleading, 81, acc.; Tidd, 9th edit. 684 ; and 8 Co. 67 b. contra.;) or if in trespass for false imprisonment, the defendant justify by process out of the admiralty, hundred, or county court, or other court not of record, the general replication is sufficient; all being matter of fact, and making but one cause. Com. Dig. Pleader, P. 19; 12 Mod. 582; 8 Co. 67 a; Doc. Plac. 114.
The instance of an entry to view waste proceeds on a special reason; (12 Mod. 582;) for suppose the lessor was seized in fee, such seizin would be involved in the issue. 12 Mod. 582.
If in any case the defendant justified under the warrant of a justice of the peace, (12 Mod. 582, 583,) or as servant of another, or Try his command, the replication must have been special, and admit or protest the warrant or commandment, and reply de injuria absque residua causa, or take issue simply on the warrant or commandment. Id.; 8 Co. 67 a, b; Lutw. 1459; Doc. Plac. 113, 114; 1 B. & P. 76 ; Com. Dig. Pleader, P.; Willes, 100, 101; 2 Saund. 295 b, n, 1; 2 Bro. Ab. Be son tort Bemesne, pi. 13, 15. However, in a late case it was held that de injuria was a good replication to a plea justifying cts servant of an occupier in turning out the plaintiff from the house, (Piggott v. Kemp, 1 Crom. & M. 197; ante, 594, n. (y,) and de injuria, is a good plea in bar to an avowry for a poor rate. Bardons v. Selby, 1 Crom. & M. 500; 3 Barn. & Adol. 2. So, “ when by the defendant’s plea any authority or power is mediately or immediately derived from the plaintiff, there, although no interest be claimed, the plaintiff ought to answer it specially, and shall not reply de injuria generally;” (8 Co. 67, 68; 1 B. &. P. 80; Com. Dig. Pleader, P. 22 ; 2 Saund. 295, n. 1; Stephen, 2d ed. 204; Willes, 96;) as if he justified by virtue of the leave, or license, or command of the plaintiff. Com. Dig. Pleader, P. 22; Summary Treat, on Pleading, 83; Bro. Ab. Be son tort, pi. 30; Ld. Raym. 104, 105, So when the defendant in his plea claims in his own right, or as lessee or servant of another, any right to *47-2 or interest in, the person, (Willes, 102,) personal property, (Yelv. 187; Cro. Jac. 225; Cro. Eliz. 539,) or real property, (8 Co. 67 a; 1 B. & P. 79 c, 80; Willes, 52, 99, 101, 102; Doc. Plac. 114; Com. Dig. Pleader, F. 21, &c.,) for a supposed injmy to which the plaintiff has declared; or any right of way, (Id. 1 B. & P. 79,) common, (Id.,) or other easement, &c.; (Id.) or rent issuing out of the land claimed in the declaration; (8 Co. 67 a; 1 B. & P. 76; Willes, 52; Com. Dig. Pleader, F. 21; Hooker v. Nye, 1 Crom. & Ros. 258; 4 Tyr. 777;) or right to enter for a distress for rent; (1 Crom. M. & Ros. 258; 4 Tyr. 777; dliter, as to a distress for poor-rate; 1 Crom. & M. 500; 2 B. & Adol. 2 ;) or if the plea contain matter of record not stated merely as inducement, (Willes, 103; note a; Com. Dig. Plead. E. 19, 20; 2 Leon. 81,) and of which a jury cannot be competent judges, as if the sheriff or his officer justify under process of a court of record; (8 Co. 67 a; Doc. Plac. 114; Com. Dig. Pleader, F. 20; Hardr. 6; 12 Mod. 580, 581, 582;) or if the defendant justify under the warrant of a justice of the peace; (12 Mod. 582, 583; Doc. Plac. 113;) or under a particular custom of a manor; (Com. Dig. Pleader, F. 20; Hob. 76; 3 Lev. 49 ; 8 Co. 67 a; Willes, 202;) or in some cases by authority of law, as to view waste; (Co. 67 b; Com. Dig. Pleader, F. 23; 42 Mod. 582;) in these cases the general replication As injuria is improper. See all the above cases, and 8 Co. 67; 1 B. & P. 79, 80; Doct. Plac. 114; Com. Dig. Pleader, F. 20, &c.; 4 Bing. 729; 1 M. & P. 723; S. C. 2 Y. & J. 304, 379; see the form, 3 Ch. Pl. In such instances the plaintiff must either deny the title, easement, warrant, &e., in particular; (Lutw. 1459 ;) or admitting, or in some cases protesting (which in effect admits those matters,) must reply, that the defendant, of his own wrong, and without the residue of the cause alleged by the defendant, committed the trespasses; in which case it will not be incumbent on the defendant to prove either of those matters so admitted or protested. 1 C. & J. 48. Where matter of record is denied, the replication should be merely nul iiel record. 3 Lev. 243, 244; Lutw. 1459.
Thus, where in trespass for taking the plaintiff’s servant, the defendant pleaded that the father of the person taken held of the defendant by knight’s service and died seized, and that the person taken being under age the defendant seized him as his ward, the general replication de injuria was held insufficient, the plea claiming an interest in the person claimed by the plaintiff in his declaration. Willes, 102; Yelv. 158; 1 Brownl. 215; Com. Dig. Pleader, E. 21. So, if in trespass for taking goods, trees, &c., the'defendant plead that he took them as tithe, or as a distress for rent, or as damage feasant, showing title thereto, the general replication will be improper. 1 Ch. Pl. 594, 695, 607 ; Cro. Jac. 225; Yelv. 157; Cro. Eliz. 639; Com. Dig. Pleader, E. 21; 1 B. & P. 76; Willes, 52, 99. But by the statute of sewers, and in the instance for distresses for poor’s-rates, exceptions are introduced; and where in a justiflcation of taking cattle damage feasant, the defendant sets out a title and does not rely merely on possession, the replication should be special. 1 Lev. 307: Com. Dig. Pleader.
*47-3 Other instances have already been sufficiently enumerated. It also seems, that though the plea claim no interest in the property mentioned in the plaintiff’s declaration, but merely contain matter of excuse, yet where such matter of excuse arises in part out of the seizin in fee of another, it is not-advisable to reply de injwria; because that replication is only allowed where in the plea an excuse is offered to personal injuries, and not even then if it relate to any interest in land, which would make, part of the issue; (1 B. & P. 80 ; Willes 102, 103 ; Cro. Jac. 598; Lord Raym. 640 ; 12 Mod. 582; Cro. Eliz. 639, 640; Yelv. 157, observed upon in Willes, 101; 2 Saund. 295, n. 1; 7 Price, 670;) there being a distinction in this respect between a plea relying merely on possession as inducement, and where an interest is pleaded by way of title. Cro. Car. 139; Ld. Raym. 120; Carth. 10.
There are also many cases in which, though the replication de injwria might not be objectionable upon demurrer, still it will not be proper to adopt" it, and it may be necessary in effect to confess and avoid the plea. Thus,if in trespass for an assault the defendant plead son assault demesne and the plaintiff did in fact commit the first assault, but can justify it as having occurred in defence of his house, &c., it would be improper to use the traverse de injuria, &c., and the plaintiff should reply his possession of the house, and defendant’s entry and refusal to quit, &c. And in an action for false imprisonment, where the defendant justifies the commitment as a magistrate for a bailable offence, in consequence of an information upon oath, the plaintiff, under the general replication de injwria sua propria, &c., cannot give in evidence a tender and refusal of bail, but ought to reply that matter specially. 2 Bla. Rep. 1165. But where in trespass for breaking and entering the plaintiff’s ship, and seizing and converting his goods, the defendants justified under a writ of fieri facias, to which the plaintiff replied de injuria sua propria absque residua causa, and now assigned that the defendants entered the ship and took the goods for other purposes than those mentioned in the plea; —it was held, that it was competent to the judge to leave it to the jury to say whether the goods were bona fids taken under the writ, or whether the execution was resorted to as a color for taking them to evade payment of freight, to which they would have been liable had the defendants accepted them under the bill of lading, and not to effect a levy by virtue of the writ.. 4 Bing. 729, S. C. affirmed in error, 1 M. & P. 783 ; 2 Y. & J. 304. See id. 79., In many cases, where it may not be absolutely necessary to reply specially, it may be advisable so to do in order to narrow the plaintiff’s evidence, and to compel the defendant to admit a part of his title. Willes, 204, 64; 1 East, 217.
Where de injwria is improperly replied, the defendant may demur generally, but the defect will be aided after verdict. Com. Dig. Pleader, F. 24; 3 Lev. 65; Hob. 76; Sir. T. Raym. 50.
The general replication de injuria, &c., is bad where a defendant justifies or insists on a right as justification, and is good only where he pleads matter of excuse: in such a case, the defendant is bound to traverse the right. Co- *47-4 burn v. Hopkins, 4 Wen. 577 Griswold v. Sedgwick, 1 Wen. 126; Plum v. M'Crea, 12 J. R. 591; Lytle v. Lee, 5 J. R. 112; Stickle v. Richmond, 1 Hill, 11. N. Y. Dig. Vol. 4, p. 1018, § 32.
The replication de injuria, &c., takes issue merely upon the excuse pleaded, and. if the excuse is to be avoided by new facts, they should be replied specially. Brown v. Bennett, 5 Cow. 181; Stickler v. Richmond, 1 Hill, 77. Ibid. § 40.
If the defence set up the matter of excuse, as contra-distinguished from matter of justification, a replication de injuria, &c., puts the excuse in issue. Hyatt v. Wood, 4 J. R. 150. Ibid. p. 1021, § 78.

 When there is a complete issue between the parties, viz.: a direct affirmative and negative; as if the general issue be pleaded; or the defendant simply deny some material fact alleged in the declaration, as where the plaintiff declares on an award, and the defendant pleads no such award; the plea should conclude to the country. Com. Dig. Pleader, E. 32; 2 Saund. 337, n. 1, 196, and 1 Saund. 103, n. 1, 103 a, b, note 3. A plea in bar of riens en airrere to an avowry for rent should so conclude, Ld. Raym. 641. And such conclusion seems to be proper, although the plea unnecessarily contain-a formal traverse. 1 Saund. 103 b; Com. Dig. Pleader, E. 33. This rule equally prevails whether the affirmative be first in the pleading, and the negative subsequent; or viceversa; (Carth. 88, 89; Com. Dig.Pleader, E. 32;) and therefore, though the negative be asserted by the plain-tiff, and the affirmative by the defendant, as where the plaintiff m his declaration alleges a breach of non-payment of a sum of money on a particular day, or in not repairing, &c., and the defendant pleads solvit ad diem, or that he did repair, the plea should conclude to the country; but in debt on bond, if the declaration be general, and no particular breach assigned, a plea of performance of the condition must conclude with a verification. Id.
*47-5 Gazley v. Price, 16 Johns. 261; Vide Manhattan Company v. Miller, 2 Caines, 60 ; Snyder v. Croy, 2 Johns. 428; Sherwin v. Bliss, 4 Vermont, 99; Sampson v. Henry, 11 Pick. 319; Hooper v. Jettison, 22 Pick. 250 ; Wait v. Maxwell, 4 Pick. 81; Hartwell v. Hemmenway, 1 Pick. 117; McClure v. Erwin, 3 Cowen, 313; Allen v. Crofoot, 1 Cow. 46; Vide Lytle v. Lec, 5 Johns; 112; Thomas v. Rumsey, 6 Johns. 26; Everitt v. Bartlett, 1 Spencer, 117; Benington Iron Co. v. Rutherford, 3 Harr. 468. A plea concluding with a verification, which ought to conclude to the country, will be stricken out on motion. Copperthwait v. Bummer, 3 Harr. 258. See Siemens v. Bowers, 1 Harr. 16; Carthrae v. Clarke, 5 Leigh, 268.