IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-JERSEY,

AT APRIL TERM, 1847.

---

### PRICE v. BRAY.
### WYKER v. BRAY.

1. Under the Bankrupt Law of 1841, the decree of discharge is a judicial decree, and conclusive, unless in case of fraud or concealment. The plaintiff, therefore, cannot reply to the plea of bankruptcy, that the defendant did not become a bankrupt; that he did not comply with all the requisites of the statute; or that he did not obtain a discharge.

2. A plea of bankruptcy must show the jurisdiction of the court by an averment of the filing of a petition to be declared a bankrupt by a bankrupt, a resident of the district in which he obtained a discharge, or it will be insufficient on special demurrer; but the defect may be waived by pleading over.

3. *Semble.* If the jurisdiction be shown, the plea will be sufficient if it set out the decree of discharge after a *taliter processum est.*

4. The plea of bankruptcy, as it consists of matter of fact as well as matter of record, should conclude with the ordinary verification.

13

On demurrer, &c.   Argued at the last term before the CHIEF JUSTICE, and CARPENTER and RANDOLPH, J. J.

These were several actions of assumpsit against the same defendant.   The declaration in each case contained several counts: one special, setting forth new promises by the defendant, subsequent to his discharge as a bankrupt.

The defendant in each case pleaded :

1. *Non assumpsit.*

2. The statute of limitations.

3. *Actio non,* because, &c., " that after the making of the said supposed promises and undertakings and accruing of the said several causes of action in the said declaration mentioned, if any such were made or accrued, and before the commencement of this suit, to wit (*Jan.* 7 1843), he the said defendant became and was a bankrupt within the true intent and meaning of the act of Congress then in force, entitled &c. and as such having filed a petition in the United States District Court for the Northern District of the State of New York, praying to be discharged in full from all his debts, and having *bona fide* surrendered all his property and rights of property (with the exception of such articles as were designated and set apart by his assignee for his use according to the provisions of said act), and having fully complied with and conformed to the orders and directions of the said Court, and all the requisites of the said act, and no cause being shown to the contrary, the said court on the day and year last aforesaid, by virtue of the act aforesaid, ordered directed and decreed that the said defendant be, and that he thereby was, fully discharged, of and from all his debts owing by him at the time of the presentation of the said petition to be declared a bankrupt, to wit, &c. (6 *Aug.* 1842), as by the said order and decree of the said court, still in force remaining before the said court, will more fully appear, to wit, at Auburn, in the Northern District of the state of New York, aforesaid : and the said defendant says that the said supposed causes of action in the said declaration mentioned, if any such there be, and each of them, did accrue to the said plaintiff before the said defendant presented his said petition as aforesaid, to wit, at &c. aforesaid, and this the said defendant is ready to verify, Wherefore he prays judgment," &c.

In the first case (*Price* v. *Bray*), the plaintiff replied to the third plea as follows :—*precludi non*, because, &c. " the said defendant did not, after the said several causes of action in the said declaration mentioned accrued to the plaintiff, become a bankrupt within the true intent and meaning of the act of Congress entitled, &c., and as such petition the said court in that plea mentioned, and *bona fide* surrender all his property and rights of property, and comply with all the requisites of the said act, and obtain a discharge from the said debts and causes of action respectively, in the said declaration mentioned in manner and form," &c.—concluding to the country.

To this replication the defendant demurred, assigning as causes of demurrer that the replication was multifarious, argumentative, and that it should conclude with a verification, and not to the country, &c.

In the action secondly above stated (*Wyker* v. *Bray*), the plaintiff demurred specially to the third plea. The causes shewn were, that the decree of Bankruptcy being on the defendant's own petition, and voluntary, is unconstitutional and void—that the plea is insufficient, in that it does not show how or in what manner the defendant complied with requisites of the act of Congress—and for that it concludes with a verification, and not to the country, &c.

Both causes were argued at the same time on the demurrers filed, by *Vroom* for the plaintiffs respectively, and by *Bradley* and *W. Pennington* for the defendant.

The court stopped the argument on the constitutionality of the act of Congress, and intimated that it was no longer an open question, at any rate in a state court.

For the *defendant* it was said, that the replication was ill for the causes specially assigned. Duplicity. But one material fact set up in the plea can be traversed in the replication. *Gould Pl.* § 406 ; *Ib.* § 390 ; *Steph. Pl.* 264–5 ; 1 *Hill* 78 ; 2 *Halst.* 82 ; 7 *Man. & Grang.* 746 ; 2 *Maule & Selw.* 549.

But bad, because it traverses the record in New York, and yet concludes to the country. The record is conclusive. The plaintiff can reply only, *nul tiel record;* or that the cause accrued since petition filed ; or fraud ; or lastly, a new promise.

The plea is sufficient. The conclusion with a verification is proper, new matter having been averred. As to the character of the plea in England :—1 *Chit. Pl.* 557; 3 *Ib.* 911, 913; 1 *P. Wms.* 258.

The jurisdiction of the District Court will be taken notice of, and need not be specially shewn. The decree may be pleaded, and not necessary to shew petition. *Com. Dig. Plead. (E.* 18).

CARPENTER, J. delivered the opinion of the Court.

We think the replication filed in the first case to the plea of bankruptcy is undoubtedly ill. The fourth section of the bankrupt act of 1841 enacts that a discharge and certificate when duly granted, shall be deemed a full and complete discharge of all debts &c. provable under the act, and may be pleaded as a full bar to all suits, unless impeached for some fraud or wilful concealment by the debtor, of his property. The thirteenth section enacts that the proceedings in cases of bankruptcy shall be deemed matters of record. The decree of bankruptcy therefore is a matter of record, and conclusive, unless in case of fraud or concealment. It cannot be averred against. It is therefore not competent for the plaintiff to aver that the defendant did not become a bankrupt; that he did not comply with all the requisites of the statute; and that he did not obtain a discharge. The plaintiff may reply *nul tiel record;* or if he cannot safely deny the record, he may plead that the cause of action has accrued since the filing of the petition; or fraud or concealment; or lastly a new promise. But he cannot admit the discharge, and then set up that it was not properly obtained, except in the instance provided for by the statute.

The plaintiff, however, alleges that the plea is insufficient. In the one case the plaintiff has specially demurred, but in the other having pleaded over, the plea in that case will be sufficient, if good on general demurrer; or possibly, even if bad, on general demurrer, the defect may have been waived by the defendant's pleading over.

In England a general plea is given by statute. This plea is in the nature of a new general issue, and concludes to the country. But independent of the statute, the proceedings not being of record were necessarily pleaded specially, the defendant be ·

ing obliged to set forth every point. *Miles* v. *Williams*, 1 *P. Wms.* 258 ; *Donelly* v. *Dunn*, 1 *B. & P.* 448 ; *Tulley* v. *Sparks*, 2 *Ld. Raym.* 1546 ; *Jenkins* v. *Stanley*, 10 *Mass.* 226. This mode of pleading was sometimes resorted to, even in cases within the statute, for the advantage it was supposed to give against the plaintiff, who could reply one particular only, and on which issue must then be taken. But in this country the late bankrupt law placed the effect of a discharge, and the mode of pleading it, on an entirely different footing. The proceedings take place, not before commissioners acting under special powers, but in a court of record. The statute declares them to be matters of record. The decree of discharge is a judicial decree. It is not therefore necessary, as in the case of a mere special authority, to set forth all the proceedings at length. It is sufficient, if the jurisdiction be shown, and if it be averred that a petition was filed, merely to state, that thereupon such proceedings were had, that subsequently the proper decree was made. Even in pleading the judgments of inferior courts it is sufficient to say that a plaint was filed, and thereupon *taliter processum*, &c. such an act was done by the court. 1 *Saund.* 92 *note ; Ladbroke* v. *James, Willes* 199. The plea of bankruptcy in regard to the mode of pleading, seems to stand on the same footing as the plea of insolvency, in which case it has been frequently held, that it is sufficient to set forth the fact which gave jurisdiction, and then to state the proceedings simply with a *taliter processum est. Service* v. *Hermance*, 1 *John. R.* 91 ; *Peebles* v. *Kittle*, 2 *Ib.* 363 ; *Frary* v. *Dakin*, 7 *Ib.* 75. In *Stephens* v. *Ely*, 6 *Hill* 609, the Chief Justice who delivered the opinion of the court said, that the rules of pleading as heretofore applied in cases of pleading discharges under our insolvent laws, afford a very good guide to the pleader *mutatis mutandis ;* setting forth enough of the proceedings to give the Circuit Court jurisdiction, and then pleading the discharge in the mode above stated. See Acc. *Sackett* v. *Andross*, 5 *Hill* 328.

But it is held in the cases cited, that as a question of pleading, the facts which give the jurisdiction must be averred. In the case of plea of bankruptcy it is the filing of a petition by a bankrupt, a resident of the district, to be declared a bankrupt. The

rule stands upon sound reason. It is not every bankrupt that the District Court is authorized to discharge from his debts, but such debtor as has first applied to be declared a bankrupt. The plea should therefore aver that such petition to be declared a bankrupt was filed, that thereupon such proceedings were had that the debtor was declared a bankrupt, &c., and that by the decree of the court he had been discharged, &c. ; and the jurisdiction thus appearing, all such facts will be presumed as were necessary to authorize the decree. Such discharge thus pleaded will be a complete bar to all debts proveable under the act, unless impeached for fraud. We think therefore the plea specially demurred to, as it does not aver the filing of any petition to be declared a bankrupt, must be overruled for defective form. But it is a defect that has been waived in the first action by the plaintiff's pleading over.

The plea, as it sets up new matter, must undoubtedly conclude with a verification. It should so conclude, or the plaintiff could have no opportunity to reply fraud. It seems that when the plea consists of matter of fact as well as matter of record, it may conclude with the ordinary verification, so that the trial may be by the jury. 1 *Chit. P.* 476 ; 5 *John.* 112 ; 6 *Ib.* 26 ; *Hob.* 244.

In the first case (*Price* v. *Bray*), the defect in the plea has been obviated by the plaintiff's pleading over, and the replication must be overruled. In the other (*Wyker* v. *Bray*), the plea is insufficient on special demurrer and must be overruled.

*Judgment accordingly.*

CITED *in Kirby* v. *Garrison*, 1 *Zab.* 183; *Carron* v. *Martin*, 2 *Dutch.* 597.