### MOUQUIN et al. v. HERGENHAN.

(Supreme Court, Appellate Division, Second Department. April 29, 1910.)

1. FRAUDS, STATUTE OF (§ 63*)—REAL PROPERTY AND ESTATES AND INTEREST THEREIN—CONTRACT TO SURRENDER LEASE.

Plaintiff's testator leased property to defendant, with an option to purchase. While defendant was in arrears with his rent, the lessor had an opportunity of selling the place, and agreed to discharge the lessee from the arrears of rent and other charges in consideration of a surrender by the tenant of his rights under the lease, and in order to accomplish the surrender by agreement the lessee suffered by default the entry of a final order and the issuance of a warrant thereon in summary proceedings by the landlord. Held, in a suit for the arrears of rent, that parol evidence of the agreement under which the tenant allowed judgment to be taken against him was admissible.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 98; Dec. Dig. § 63.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. JUDGMENT (§ 647*)—SUMMARY PROCEEDINGS FOR POSSESSION—CONCLUSIVE-
NESS OF JUDGMENT.

    A final order taken in summary proceedings against a tenant for want
of appearance is res judicata upon the tenant.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1160; Dec.
Dig. § 647.*]

3. LANDLORD AND TENANT (§ 199*)—CONSIDERATION FOR SURRENDER OF TEN-
ANT'S OPTION TO PURCHASE.

    The voluntary extinguishment of the rights of a tenant under a lease
which contained an option for the purchase of the property is a good con-
sideration for the release by the landlord of his right to unpaid rent.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 741,
742; Dec. Dig. § 199.*]

Appeal from Trial Term, Richmond County.

Action by Louis C. Mouquin and others, as executors of the estate of Frederick Bachmann, against Albert Hergenhan. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

Hugo J. Stelzner (Michael J. Kelly, on the brief), for appellant.
John G. Clark, for respondents.

CARR, J. The defendant appeals from a judgment entered against him for the sum of $3,458.59 on the verdict of a jury directed by the trial court. The questions brought up for review arise from the rulings of the trial judge in excluding certain parol evidence offered by the defendant to prove an affirmative defense set up in the answer. The action was brought to recover arrears of rent, taxes, and other charges, payable under the terms of a written lease between the plaintiffs' testator as landlord and the defendant as tenant. The defendant did not put in issue the allegations of the complaint as to his failure to pay the rent and other charges. His answer set up an affirmative defense as follows: The lease contained an option granting him the privilege of purchasing the real property for the sum of $45,000 at any time between February 1, 1903, and January 31, 1905. The time in which to exercise this option was still running. The lessor had an opportunity to sell the land to another party, of which he desired to avail himself. The lessor and the lessee then entered into an agreement whereby the lessor agreed to discharge the lessee from the arrears of rent and other charges then accrued, in consideration of a surrender or cancellation by the tenant of his rights under the lease; and for this purpose it was mutually agreed between them that the lessee should suffer by default the entry of a final order, and the issuance of a warrant thereon, in summary proceedings to be brought by the landlord, and this agreement was mutually executed, whereby the tenant gave up his rights under the lease and became thereby discharged of his indebtedness to the lessor. At the trial the defendant conceded that the agreement pleaded was not in writing, and the question arose whether it was permissible for him to prove it by parol. The trial court held that the alleged agreement could not be proved by

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

parol, and excluded evidence offered for that purpose. The appellant contends that this ruling of the trial court was error.

The true nature of the defense in this case was that of an accord and satisfaction, or a release and discharge. To sustain it, no proof was required which in any way involved an attempt to alter or vary the terms of a written instrument by parol evidence. The chief writing was the lease. It provided alike for the payment of rent by the tenant and an option on his part to buy the property within the given time. Neither of these provisions was sought to be varied. In fact, the defense assumed their integrity. This was not a case where an attempt was made to escape payment of rent accruing after an alleged parol surrender of a written lease for a term of years. The rent sued for accrued, concededly, before any surrender, and the amount thereof was an existing debt. It could be released or discharged, as between the parties, by any agreement, supported by a consideration, which amounted to an accord and satisfaction. I know of no existing rule of law, in this state, at least, which requires that an accord and satisfaction, or a release and discharge of a debt arising under a written instrument, must be in writing. Sometimes the English courts applied a rule that a release of an obligation arising under a written contract must be in writing, and of the same order as the original contract; e. g., a debt created by a specialty could be released only by a specialty, or the express terms of a written contract could be changed subsequently only by a writing. That rule was never adopted in this state, either as to simple written contracts or as to specialties, where the parol agreement had been executed. McCreery v. Day, 119 N. Y. 1, 23 N. E. 198, 6 L. R. A. 503, 16 Am. St. Rep. 793; Thomson v. Poor, 147 N. Y. 402, 42 N. E. 13; Townsend v. Empire Stone-Dressing Co., 6 Duer, 208; Dearborn v. Cross, 7 Cow. 48; Barnard v. Darling, 11 Wend. 30; Lattimore v. Harsen, 14 Johns. 330.

It would appear, therefore, that the exclusion of parol evidence offered by the defendant to prove a parol agreement of accord and satisfaction or release and discharge was error. Nor is the question in any way changed or affected by the fact that the defendant put in evidence the petition, final order, and warrant in the summary proceedings. The learned trial court was of opinion that the final order was res adjudicata upon the defendant, and in this it was clearly right. Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607. But the defendant was not seeking to avoid the final order, or its legal effect. He himself offered the record of these proceedings to show performance of the alleged oral agreement of release. The final order was a step in the performance of the agreement which he alleges, and not in hostility to it. The situation of the parties was as follows: The defendant was in arrears for rent. The lessor might have sued for the arrears, and treated the lease as still continuing, or he might have begun summary proceedings to recover possession. If he began summary proceedings, the tenant could defeat them by tendering and paying into court the amount of the arrears with costs. If he did so, then the lease continued, and likewise his option of purchase. The lessor had another customer for his land, and desired to sell. This he could not do while the tenant's rights under the lease

continued. The voluntary extinguishment of these rights would be a good consideration from the tenant for a voluntary release of the lessor's corresponding rights. To effect this plan of mutual release, summary proceedings were resorted to under an agreement that the tenant should default in the proceedings and permit the issuance of a warrant which had the legal effect of extinguishing the lease. That this state of facts, if provable, may be proved by parol evidence, seems to me beyond contention under the settled law of this state.

I recommend, therefore, that the judgment be reversed, and a new trial granted; costs to abide the event. All concur.