Clason v. Gould.

to have been mislaid by the defendant's commissioner, to have been found, and was shortly expected to be returned.

*Per Curiam.* The motion must be refused; but the plaintiff must pay costs and stipulate anew. (See .vol. 1, p. 7, n.. (*a*) and p. 503, n. (*a*)

Motion denied on costs and stipulating.

------------------

CLASON *against* GOULD.

In an action for publishing a libel, the court will discharge a judge's order for holding to special bail, unless special cause be shown by affidavit.

THIS was a motion on the part of the defendant to be discharged from a judge's order, directing him to be held to bail in 1,500 dollars. The suit was for a libel, in styling the plaintiff " a late German convict." The plaintiff, in his affidavit, stated the charge, and declared the same to be false and malicious, without adding any thing more.

*Per Curiam.* The defendant must be discharged. The affidavit does not show a cause of action sufficient to hold to bail. In a suit for defamation, whether the defamation be by words or writing, the plaintiff is not entitled to hold to bail, except in slander of title, unless some special cause [*48] be shown. No special cause is disclosed in the present case. To allow *bail here, would be to allow it in every case of defamation. There is no rule or guide given for the discretion of the judge or court, and that discretion, upon such an affidavit as the present, must necessarily be arbitrary, which the law will not allow.[1]

Motion granted.

[1] For the present practice with respect to arrest, see Code of P., secs *78 to 184.