COLLIER *against* MOULTON.

IN ERROR, from the court of common pleas of *Rensselaer* county.

*Moulton* brought an action of assault and battery, against *Collier*, in the court below. The declaration commenced with, *"for that whereas,"* &c. The defendant pleaded not guilty; and gave notice that he should give in evidence, *son assault demesne.*

At the trial, the plaintiff proved, that the defendant was in the house of the plaintiff, and he ordered him to go out; and the defendant replied, he would when he was ready; on which, the plaintiff seized the defendant, and pushed him out of the house, and while the plaintiff was pulling him out, the defendant struck the plaintiff.

The defendant's counsel offered to prove, that the room, in which the assault was committed, was a ball-room, which had been hired for a ball, by the witness and others, to which the defendant had been invited by them. This testimony was objected to, on the ground, that the defendant had not given notice of his intention to justify under a license; and it was overruled by the court. The defendant then offered to prove, that at the time the assault, &c. was committed, the plaintiff was not in possession of the room; but that the same had been hired by several persons, at whose invitation the defendant came there; but this evidence was objected to. It was insisted, on the part of the defendant, that the evidence was admissible, to rebut the evidence given on the part of the plaintiff, but it was contended, on the part of the plaintiff, that the evidence offered went to prove a license,

To an action of trespass, assault, and battery, the defendant pleaded the general issue, and gave notice that he should offer evidence of *son assault demesne;* and the plaintiff, at the trial, proved that he ordered the defendant to leave the house of the plaintiff; and on the defendant's refusing, the plaintiff *molliter manus imposuit,* to remove him, when the defendant resisted, and struck the plaintiff; it was held, that the defendant might give evidence to rebut the evidence of the *molliter manus imposuit,* by showing, that the plaintiff had no right to remove him, or in mitigation of damages.

*Son assault,* &c. is a justification, and when pleaded, the plaintiff must reply specially *molliter manus imposuit,* and cannot give it in evidence, under the general replication, *de injuria sua propria,* &c.

If a declaration in trespass, commences with, *"for that whereas,"* &c. it is bad, on a special demurrer; but after verdict, those words may be rejected as surplusage.

NEW-YORK,
Nov. 1810.

COLLIER
v.
MOULTON.

which was inadmissible under the notice of a *son assault demesne;* and the evidence was rejected by the court. The defendant then offered to prove, for the purpose of *mitigating damages,* that the room, in which, &c. had been hired by three persons, for a ball, who gave a card of invitation to the defendant, to attend the ball, at the same room, and that the defendant came there in consequence of such invitation, and continued there until the plaintiff attempted to turn him out; but the court below overruled the evidence, as improper and inadmissible. The court charged the jury, that the plaintiff having proved that he was in possession of the house, might, after requesting the defendant to leave it, and a refusal on his part, lawfully use as much force as was necessary to put him out, and the defendant could not lawfully resist him. The jury found a verdict for the plaintiff for 20 dollars. The counsel for the defendant tendered a bill of exceptions to the opinion and charge of the court, on which a writ of error was brought to this court.

The cause was submitted to the court, without argument.

THOMPSON, J. delivered the opinion of the court. The question arising out of the bill of exceptions in the court below, is, whether the testimony offered by the defendant, to show he had a right to enter and occupy the room in the house of the plaintiff below, where the assault and battery was committed, was improperly excluded? The defendant below pleaded the general issue, and gave notice of *son assault demesne.* On the trial, the plaintiff proved, that he ordered the defendant out of his house, and on his refusing to go, gently laid his hands upon him to remove him. The defendant resisted, and struck the plaintiff. And to rebut this, the defendant offered the evidence which was rejected. This evidence ought to

have been admitted. No possible objection could lie to its being received, in mitigation of damages; but it would have been proper to rebut the *molliter manus*, set up by the plaintiff. The case does not fall within the rule in actions of trespass, that a license to enter cannot be given in evidence under the general issue. *Son assault* is a plea of justification, charging the plaintiff with having committed the first assault; and proving that fact would exonerate the defendant, unless the resistance was carried farther than the necessity of the case required. If the defendant had pleaded *son assault*, instead of giving notice of it under the general issue, and the plaintiff intended to avail himself of the *molliter manus*, he must have replied specially; for he could not give it in evidence, under the general replication *de injuria sua propria.* (*King* v. *Phippard*, *Comb.* 288. 20 *Vin.* 440. *Esp. Dig.* 317.) *Son assault* being set up by way of notice under the plea, the plaintiff had no opportunity of replying, and must, necessarily, under such pleadings, be allowed, on the trial, to give evidence of *molliter manus*. And if so, the defendant ought to be admitted to meet, and rebut this evidence, by showing that the plaintiff had no right to remove him from the house.

There was another error assigned, which, although not necessary for the decision of this case, it may not be amiss to notice. It is, that the declaration does not charge the assault and battery positively, but by way of recital, each count commencing with *for that whereas.* This might have been a good objection on special demurrer. And, indeed, in many of the old cases in the K. B. judgments have been arrested for that cause. In the C. B. a different rule prevailed. But in more modern cases, both in the K. B. and C. B. this defect has been held to be cured by the verdict. (2 Ld. *Raym.* 1413. 2 *Wils.* 303.) In the case of *Douglas* v. *Hall*, (1 *Wils.* 99.) *Dennison*, J. said, that the *quod cum* might be rejected, as surplusage, after verdict. And the same opinion was

NEW-YORK,
Nov. 1810.

COLLIER
v.
MOULTON.

NEW-YORK,
Nov. 28g0.

given, upon full consideration, by the supreme court of *Massachusetts*, in the case of *Coffin* v. *Coffin*. (2 *Tyng's Mass. Rep.* 358.) There is no weight, therefore, in this objection; but upon the other ground, the judgment must be reversed.

Judgment reversed.