IN

## THE SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-YORK.

IN JANUARY TERM, 1823, IN THE FORTY-SEVENTH YEAR OF
OUR INDEPENDENCE.

---

### NORTON *against* BARNUM.

MOTION, in behalf of the defendant, that the order of *W. Howell*, first Judge of *Ontario* county, directing the defendant to be held to bail, be vacated; and that the Sheriff of *Ontario* be directed to deliver up the bail-bond, &c. This was an action for a libel; and the affidavit, on which the Judge made the order, set forth the libel, and stated, that security for any damages to be recovered by the plaintiff, required that the defendant should be held to bail. The plaintiff now offered a supplementary affidavit, that the defendant was a young man, without family, having no visible property, except his printing press, &c.; and that he was informed, that the defendant intended to leave the state, &c.

*To authorize a Judge's order to hold a defendant to bail, in an action for a libel, the affidavit must not only state the libel, or cause of action, but some special reason for granting the order.*

*On a motion of the defendant to set aside a Judge's order to hold to bail, a supplemental affidavit of the plaintiff, to cure the defect in his original affidavit, will not be received.*

*Per Curiam.* The cases of *Clason* v. *Gould*, (2 *Caines' Rep.* 47.) and *Van Vechten* v. *Hopkins*, (2 *Johns. Rep.* 293.) fully decide, that the affidavit on which the Judge granted the order to hold to bail, is entirely defective. It follows, that the defendant has been improperly held to bail. The affidavit now offered by the plaintiff cannot be received. According to the practice of the Court of K. B., in *England*, a supplemental affidavit, for the purpose of curing a defect in the original affidavit, is not admissible. (*Molling*

ALBANY,
January, 1823.

v. *Buckholtz,* 2 *Maule & Selwyn,* 563.) If a default has been entered on an imperfect affidavit, it will be set aside, notwithstanding the facts might warrant the entry of a default. Besides, an affidavit made now, cannot retrospect, so as to authorize holding the defendant to bail, upon a defective affidavit. The motion must be granted.

Motion granted.