ALBANY,<br>Oct. 1825.

Brown<br>v.<br>Bennett

New trial refused.

---

Brown *against* Bennett.

Trespass, assault and battery, tried before Williams, C. Judge, at the Oneida Circuit, on the 24th day of July, 1823.

The declaration contained two counts. The *first* charged, that the defendant, on the 24th of May, 1822, with force and arms, &c. made an assault upon the plaintiff, to wit, at Vernon, &c. and then and there, with his hands, fists

*Where the plaintiff declared in assault and battery; and the defendant, after pleading not guilty, pleaded son assault demesne, to which the*

plaintiff replied *de injuria*, &c. and the defendant also pleaded that the plaintiff was beating one C. and that the defendant, *moliter manus*, &c. to prevent injury to C. to which the plaintiff replied that he was constable, and had a warrant against C., and had arrested him; and that the defendant was aiding him to escape; that C. got into the defendant's carriage, who was driving him off; and therefore the plaintiff seised C., and drew him out of the carriage, which was the same assault upon C., mentioned in the defendant's plea; upon the trial, the defendant abandoned this last plea, and relied upon *son assault demesne*; and the plaintiff would have shown the facts stated in his replication to the last plea, under the general replication, *de injuria*, &c. to the first plea; and that when the defendant was about driving C. off in his carriage, the plaintiff seized the lines of the horses, and prevented him, and seized C., &c. But

*Held*, that these facts were inadmissible in evidence, upon *de injuria*, &c.; and that they should have been specially replied.

*De injuria*, &c. takes issue merely upon the excuse (in this instance, *son assault*, &c.) set up by the defendant's plea.

If the plaintiff have new facts, or circumstances justifying his own assault, in answer to the plea of *son assault*, &c. he should reply, setting them out specially; and cannot give them in vidence under the general replication, *de injuria*, &c.

and feet, and with clubs, stones, whips and sticks. and with the wheels of carriages, gave and struck, the plaintiff a great many violent blows and strokes, on and about his head, face, breast, back, shoulders, arms, legs, and divers other parts of his body, and also, then and there, with great force and violence, shook, pulled and dragged about the plaintiff. By means, &c. the plaintiff was, &c. and became, &c. and was hindered, &c. and was forced to pay, &c.

The *second* count was in the usual form, for a common assault and battery.

The defendant pleaded, 1st, *not guilty*, to the whole declaration; 2d, *son assault demesne*, in the common form, to the first count in the declaration. The 3d plea was to the *first count* in the declaration, and stated, in substance, that the plaintiff made an assault upon one Ambrose Cadwell, and was beating him, &c.; and the defendant, to preserve the peace, and to part the plaintiff from Cadwell, and prevent him from further beating him, gently laid his hands upon the plaintiff, as he lawfully might do, &c. And because the plaintiff continued to beat Cadwell, and attempted with great force, &c. to throw him out of a carriage in which he was riding, to and upon the ground, to the great and imminent danger of the life and limbs of Cadwell, the defendant thereupon, to preserve the peace, and to save and deliver Cadwell, &c. did, necessarily and unavoidably, beat the plaintiff, as mentioned in the *first* count, which are the same trespasses, &c. 4th. *Son assault demesne*, in the common form, to the 2d *count* in the declaration. 5th. The same plea to the 2d *count* as the the third plea was to the first count.

To the 2d *plea*, (*son assault demesne*) the plaintiff replied *de injuria*, &c. generally, and in the common form.

To the 3d *plea*, he replied, in substance, the due issuing of a warrant by Simeon Bingham, Esq. a justice of Oneida county, in favor of one Rowland Wilson, against Cadwell, under, and in pursuance of the act for the recovery of debts, to the value of twenty-five dollars, which warrant was delivered to the plaintiff, who was a constable of Vernon, in Oneida county, to be executed, &c.; that he took Cadwell, on

the warrant, and carried him before the justice, and that before he was duly discharged, he attempted to escape from the plaintiff's custody, against his will and consent, and that the defendant aided and abetted Cadwell in such attempt to escape. That Cadwell got into the defendant's carriage, who was furiously driving him off, &c. wherefore the plaintiff gently laid his hands upon Cadwell, to prevent his escaping ; and because Cadwell resisted with strong hand, &c. the plaintiff, as such constable, &c. pulled Cadwell out of the carriage, as he lawfully might, &c. doing no unnecessary damage, and exerting no unnecessary force, &c. which is the same, &c. mentioned in the *third plea.*

To the 4th *plea,* (*son assault demesne,*) the plaintiff replied *de injuria,* in the common form.

To the 5th *plea,* the plaintiff replied in the same manner as to the third plea.

Upon the trial of the cause, the counsel for the plaintiff offered to prove, that the plaintiff, on the 23d day of May, 1822, was a constable of the town of Vernon, and, as such officer, had a warrant, which had been duly issued by Simeon Bingham, Esq. a justice of the peace of that town, at the suit of Rowland Wilson, against Ambrose Cadwell, by virtue of which warrant, he had arrested Cadwell, and had him, in custody ; and that while the plaintiff so had Cadwell in his custody, the defendant attempted to rescue Cadwell from such custody and for that purpose persuaded Cadwell to get into the carriage of the defendant for the purpose of driving him off, out of the custody of the plaintiff; that the plaintiff remonstrated against such conduct, and endeavored to dissuade Cadwell and the defendant from pursuing their intention. That the defendant well knew that Cadwell was in the plaintiff's custody, and that he told Cadwell to get in his carriage, and that he would bear Cadwell out in it, and would stand between him and all harm. That Cadwell accordingly did get into the defendant's carriage, and that the plaintiff, for the purpose of preventing the escape of Cadwell, stepped his foot upon the nave of the defendant's carriage wheel, and took hold of the lines of the defendant, and also took hold of Cadwell

to take him from the carriage. That the defendant then immediately placed himself between the plaintiff and Cadwell, for the purpose of preventing the plaintiff from taking Cadwell out of the carriage, and started his horse, and threw the breast of the plaintiff with great violence across the wheel of the carriage, and dragged him along the highway between the wheel and body of the carriage ; that the plaintiff, for the purpose of stopping the movement of the carriage took hold of the defendant's reins ; and that the defendant struck the plaintiff across his face with the but of his whip.

To this evidence of the warrant and arrest, the counsel for the defendant objected, and said that he relied upon his plea of not guilty, and his 2d and 4th pleas of *son assault demesne ;* that the offer of the plaintiff showed that he made the first assault upon the defendant, in wrongfully seizing his lines ; and that the plaintiff could not, under his replication of *de injuria,* &c. justify the assault upon the defendant by proving the warrant and arrest; but that the plaintiff, if he wished to give such evidence, should have replied specially and stated it in his replications.

The defendant offered no evidence, and did not claim, or pretend to justify under his 3d or 5th pleas.

The Judge overruled the evidence offered by the plaintiff of the warrant and arrest, upon the ground that the plaintiff could not give this evidence under his general replications of *de injuria,* &c. but should have replied them specially. The plaintiff then offered to give the same evidence under his replications to the 3d and 5th pleas of the defendant. To this the defendant objected, and it was overruled upon the ground that he had not claimed or attempted to justify under the 3d and 5th pleas. And the plaintiff thereupon submitted to a nonsuit.

*J. C. Spencer,* for the plaintiff now moved to set aside the nonsuit, and for a new trial. He said that *son assault demesne* were mere matter of excuse, to which *de injuria sua,* &c. might always be replied. (8 Co. Rep. 67, *a.* Yelv. 157. Cro. Jac. 224. Salk 637, 8. Willes, 54, 99, 204. 1 Chit. Pl. 763, 579, 584. 2 Saund. 294, note (1). 6 Bac.

Abr. *Trespass*, (I) pl. 4. *Replication.* 4 John. Rep. 159. id. 112. T. Raym. 50. 12 John. 291.) If the general replication was all that the plea called for, it followed that the evidence offered was proper.

*G. C. Bronson*, contra, admitted the legal position taken, that *de injuria* was a proper replication; but said it is quite another question as to what may be evidence under it. The plaintiff's counsel has argued the question as if we had demurred to the replication. Evidence of a right to make the assault varies from the replication which is merely a traverse that the plaintiff made the first assault. It is but an issue upon that fact. We say he should have replied the warrant with the arrest, and carried us to an issue upon that. The other pleas did not help him. We had a right to consider them mere form, and not rely upon them at all; and we did so. He cited, 7 John. Rep. 111; Carth. 280; 1 Chit. Pl. 582, 584; 2 id. 642, note, (*t*) (*u*); 2 Bl. Rep. 1165.

*Spencer*, in reply, admitted that had the action been against Cadwell, it might have been necessary to reply specially. Not so as to third persons. The warrant and arrest, as to them, were mere matter of excuse; not of right. There is not a case at war with this distinction.

*Curia*, per SUTHERLAND, J. The evidence was properly rejected. The general replication, *de injuria*, &c. denies that the plaintiff made the first assault, &c. as alleged in the plea of *son assault*. Where the plea, therefore, is true in fact, and the plaintiff relies upon special circumstances or facts to justify the assault, which he admits he first made, he must set them out specially in his replication, and not reply generally *de injuria*. (Chit. Plead. 563, 4.) When, in fact, therefore, the plaintiff made the first assault, or whenever, in answer to the defendant's plea of *son assault*, he relies upon new matter, he should not reply generally *de injuria*, but should state such new matter specially. (*Sayre* v. *Earl of Rochford*, 2 W. Bl. 1165. Carth. 280. 2 Chit. Pl. 643, note,(*t*) (*u*). 5 Com. Dig. *Pleader*, (F. 18.) He cannot give it in evidence under the general replication

of *de injuria.* In *Collier* v. *Moulton*, (7 John. 111,) Ch. J. Thompson says, if the defendant had *pleaded son assault*, instead of giving notice of it under the general issue, and the plaintiff intended to avail himself of the *moliter manus*, &c. he must have replied specially; for he could not give it in evidence under the general replication, *de injuria sua propria.* 20 Vin. 440. *King et ux.* v. *Peppard*, Comb. 227.

The evidence being properly rejected under the general replication, and the defendant having given no evidence under his third plea, to which the special matter offered in evidence was replied specially, it could not be admitted under that replication. The nonsuit, therefore, was properly ordered; and the motion to set it aside, and for a new trial, must be denied.

Motion denied.