WITHERS (BOYD v.). See Case No. 1,752.

WITHERS (McCLELLAN v.). See Case No. 8,696.

WITHERS (PAYSON v.). See Case No. 10,-864.

## Case No. 17,918.

### WITHERS v. THORNTON.

[3 Cranch, C. C. 116.] [1]

Circuit Court, District of Columbia. May Term, 1827.

ACTION FOR LIBEL—SPECIAL BAIL.

In ordinary cases of libel, special bail is not required without some special reason other than the publication of the libel itself.

Action on the case for a libel which charged that the plaintiff's patent for an improvement in winged gudgeons, was a gross imposition, and the plaintiff an imposter.

The affidavit to hold to bail, did not aver the charge to have been made either falsely or maliciously; nor that any damage has resulted to the plaintiff exclusively, from the libel charged in the declaration; but that the damage, of which he complains, resulted from that and other publications, and verbal denunciations, "together with certain other letters, handbills, and publications of the said Thornton," so that it does not positively appear to the court by the affidavit, whether any, or if any, how much of the damage arose from the libel charged in the declaration.

THE COURT (nem. con.) refused to require the defendant to give special bail. In ordinary cases of libel, special bail is not required without some special reason other than the publication of the libel itself, such as non residence of the defendant, or the like. See Norton v. Barnum, 20 Johns. 337; Clason v. Gould, 2 Caines, 47; Van Vechten v. Hopkins, 2 Johns. 293; Barnes, Notes, 79, 80, 108; Chetwin v. Venner, 1 Sid. 183; Marquis of Dorchester's Case, 2 Mod. 215.

WITHERS (WISE v.). See Case No. 17,-913.

WITHERSPOON (OGDEN v.). See Case No. 10,461.

WITHINGTON (BALL v.). See Case No. 815.

1 [Reported by Hon. William Cranch, Chief Judge.]