By the Court, Bronson, J.
Although nothing is stated in these papers with much precision, it may be inferred from them that the plaintiff, through his agent, Howard, purchased some kind of property from the defendant, and paid him $200 for it. And it is quite probable, though the fact is not alleged, that .the plaintiff is suing to get back the money, or whatever else he parted with as the consideration for the property obtained from the defendant. If my conjecture is right, the fact should have been plainly stated. And then, instead of charging fraud generally, the plaintiff should have told us in what the fraud consisted, or what untrue representations the defendant made. There was a purchase and sale of property, and although the case may possibly be such that the plaintiff can avoid the contract and bring trover, the presumption is against him. He must show that there was such a fraud as would render the contract void at his election. That has not been done. Affidavits to hold to bail, and by way of shewing cause of action on a motion to mitigate bail, must be positive, and must make out a prima facie case against the defendant, (a) These affidavits were insufficient.
Motion denied.

 An affidavit to hold to bail in an action for a tort must not only be positive, but it must state the facts so much at large, and with such precision, that the judge or officer may be enabled to decide on the amount of bail which ought to be required, and that the plaintiff may be indicted for peijury if he swear falsely. (Towers v. Kingston, 1 Browne's Rep. 33, 35 ; Pontingen v. Williams, id., 206; Lewis v. Brackenridge, 1 Blackf. 112, 114; Pearson v. Pickett, 1 McCord’s Rep. 472, 3, 4; Clason v. Gould, 2 Cain. Rep. 47; Norton v. Barnum, 20 Johns. Rep. 337; Leonard v. Caskin, Bee's Adm. Rep. 146 ; Grah. Pr. 160,1; Petersd. On Bail, 142 to 148, 167, 8.)