Alfred G. Benson *ads.* Orlando Bennett.

Same *ads.* Isaac Herbert.

1. It is not necessary to the validity of an affidavit for bail that the residence or place of abode of the deponent should be stated in it, or that it should show the town or county where it was taken. The rule applies to actions of *tort* as well as upon contract.

2. If sufficient facts to constitute a good cause of action are stated in the affidavit, it is no objection that the statement commences with the words "for that," but if commenced with the words "for that whereas," it will be by way of recital, and will not be sufficient.

3. The power to order bail is a discretionary one, reposed in the court or a single judge, and, with a proper affidavit, bail may be ordered in any personal action for a *tort*, ; but to warrant an order for bail, the affidavit must not only disclose a good cause of action. but some special cause for ordering bail.

4. If the affidavit show that the defendant is not a resident of this state, it will be sufficient cause to hold him to bail. The court will presume that the defendant is a resident of the state, the contrary not appearing by the affidavit. The statement that the plaintiff believes he will be unable to make the defendant answer for the alleged injury and damage, unless he be held to bail, without showing any reason for that belief, is insufficient.

5. Where there are several suits against a defendant, and an affidavit made in each, the court will not look beyond one affidavit, and supply its defects by statements made in another; each affidavit must stand by itself.

The defendant was arrested by the sheriff of Mercer upon writs of *capias ad respondendum* out of this court, in four actions, two in favor of each of the above plaintiffs, bail in the sum of $2000 having been ordered in each case by a judge, and the defendant applied to be discharged upon common bail for alleged defects in the affidavits upon which the order for bail was founded.

Argued before Justices Haines and Ryerson, by *J. P. Stockton* and *Field,* for defendant, and *W. L. Dayton,* for plaintiffs.

The opinion of the court was delivered by

Ryerson, J. These are actions for malicious prosecution ; the affidavits on file, upon which bail was ordered.

were sworn to by the respective plaintiffs, and enough of their contents for a correct understanding of the case will be stated.

It was objected—

*First.* That they did not state the residence of the deponent.

*Second.* That it does not appear, by the affidavits, where they were made.

*Third.* That the cause of action was stated by way of recital, and not of positive averment.

*Fourth.* That in actions for malicious prosecution bail cannot under any circumstances be ordered; and—

*Fifth.* That even if an order could in such actions be lawfully made, yet that these affidavits did not show sufficient special cause for ordering bail.

Some doubt was expressed as to the power of the court, in such cases, to go behind the judge's order, and inquire into the sufficiency of the affidavit. This power has been frequently exercised in the courts of England and of this country: the practice seems to be well settled, and there is manifest propriety in adhering to it. 1 *Cromp. Prac.* 32; *Hadderweek* v. *Catmeer, Barnes* 61; *Russell* v. *Gately, Ib.* 76; *Molling et. al,* v. *Buckholtz,* 2 *M. & S.* 563; *Imlay* v. *Ellefsen,* 2 *East* 453; *Omealy* v. *Newell,* 8 *Ib.* 364; *Clason* v. *Gould,* 2 *Caines Rep.* 47; *Van Vechten* v. *Hopkins,* 2 *Johns.* 293; *Norton* v. *Barnum,* 20 *Ib.* 337; *Zimmerman* v. *Chrisman,* 7 *Hill* 153; *Brooks* v. *McLellan,* 1 *Barbour* 247.

The first objection applies only to the affidavits of Bennett, the deponent being described in the other two as of the county of Monmouth.

Each affidavit commences " State of New Jersey, *ss :*" and the *jurat* to each is as follows:

" Sworn to and subscribed this 19th day of March, A. D. 1855, before me.

A. Van Vranken,
*One of the Masters of the Court of Chancery of New Jersey.*"

Benson ads. Bennett....Same ads. Herbert.

The first two objections were made to the affidavit on a similar application in the case of *Peltier* ads. *The Receivers* 2 *Green* 257, and overruled, Hornblower, C. J., delivering the opinion of the whole court.

The only difference, as regards these two objections, between that case and these is, that there the action was upon contract, and the defendant held to bail upon the affidavit of one of the plaintiffs without a judge's order.

It was contended that in the case of Peltier the decision upon these two points was erroneous, and that a different rule should now be established. Without expressing any opinion as to the correctness of that decision, I do not feel at liberty to disregard it.

The reasons are obvious. It is a mere question of practice in matter of form ; and in that case the Chief Justice said, that it was not necessary for the decision of the case to express an opinion on these two points, the court holding the affidavit insufficient in matter of substance ; but that they would nevertheless decide them for the information of practitioners.

Having thus established a rule in a formal matter of practice, over which the court had entire control, professedly for the guidance of future practitioners, it would be extremely unjust to them, as well as to parties, to hold them to a different rule without notice or warning.

. Every practitioner, in drawing an affidavit to hold to bail, had a right to consider that case as the law of the court, as much so as if the like regulation had been made by rule of court, and would have just ground to complain if a contrary rule was applied to his proceedings, unless previous notice by rule of court had been given.

If such a course should be pursued, the practice of the court would never be settled, and no practitioner could tell with certainty how to act.

It should be added, that the rule in Peltier's case, as to the *jurat* of the affidavit, was recognised by this court,

six years afterwards, in the case of *Smith* v. *Abbott*, 2 *Harr.* 358.

The third objection relates to the mode of stating the cause of action. It is thus stated in one of the affidavits : "State of New Jersey, *ss :* Isaac Herbert, of the county of Monmouth, being duly sworn according to law, on his oath, deposeth and saith, that this deponent is about to commence an action on the case for damages against Alfred G. Benson of the city of Brooklyn, in the Supreme Court of the State of New Jersey, FOR THAT the said Alfred G. Benson did, on the 14th day of December, A. D., 1854, falsely and maliciously, and with the intent to injure this deponent, &c., &c." Then follows a particular statement of the facts and circumstances of the case.

In the other affidavits the cause of action is stated in the same manner.

It was admitted that sufficient facts to constitute a good cause of action were stated, but was objected that, on account of the manner of statement, the only fact positively sworn to was that the deponent was about to commence an action against Benson, and that the residue of the statement, commencing with the words "for that," was by way of recital, and not a positive averment, and that if false, perjury could not be assigned upon it. It was insisted that the plaintiff's cause of action must be stated with the highest degree of certainty, a certainty to every intent.

A large number of authorities were cited in support of this objection, but the greater part were cases of holding to bail in actions upon contract upon the *ex parte* affidavit of the plaintiff. There is a well settled distinction between those cases and cases like the present, where bail is ordered by a judge. In these cases the same strictness is not required, either in matters of form or of substance. *Omealy* v. *Newell* 8 *East* 364 ; *Imlay* v. *Ellefsen* 2 *Ib.* 453 *Petersdorf on Bail* 167, in 10 *Law Lib.*

This distinction was regarded in our act concerning bail in civil actions (*Rev. Stat.* 950), by the last section of which it is enacted, "that nothing in this act shall prevent any of the said courts, or any judge thereof, from ordering, as heretofore, the defendant in any action to be held to special bail, in such sum as the said court or judge, under all the circumstances of the case, shall think proper to direct."

In stating the cause of action, the affidavit will be sufficient if it disclose in clear and intelligible language the circumstances which gave rise to the subject of complaint with sufficient distinctness to enable the judge, in the exercise of his discretion, to collect from it that the plaintiff has been damnified, and in such a manner that if untruly stated the deponent may be indicted for perjury, although the affidavit might have been framed in more formal terms. *Imlay* v. *Ellefsen*, 2 *East* 453 ; *Petersdorf on Bail* 167 ; *Omealy* v. *Newell*, 8 *East* 364

In the present cases, the cause of action is stated with sufficient certainty and positiveness to meet the requirements of the rule. It would be sufficient upon special demurrer in a declaration for trespass, where the averments must be made in a more positive manner than in actions upon contract. A statement "for that" A. B. did a particular thing, is considered to be a direct and positive averment, but a statement commencing "for that whereas" is not a positive averment, but a statement by way of recital. 1 *Chit. Pl.* 11 *Am. ed.* 337 ; 2 *Ib., Am. ed.* 846–7 ; *Collier* v. *Moulton*, 7 *Johns.* 109 ; *Coffin* v. *Coffin.* 2 *Mass.* 358.

"For that," as used in these affidavits, is equivalent to "because ;" and if A. swear that he is about to commence an action against B. "because B. did a particular thing," it is an averment that B. did the thing complained of, sufficiently certain and positive to meet the requirements of the rule applicable to the present cases.

The fourth objection is not well taken. The power to order bail is a discretionary one, reposed in the court or a single judge, and with a proper affidavit bail may be ordered in any personal action for a *tort*.

The remaining objection is, that even if bail may be ordered in such actions, yet that in these cases the affidavits disclose no special circumstances to justify making an order.

In one of the affidavits, Benson is described as of the city of Brooklyn, from which it sufficiently appears that he is not a resident of this state. The court will take judicial notice that there is no such city as Brooklyn in New Jersey. 1 *Greenl.*, § 6.

In the other affidavits no such description is given, nor any statement of the defendant's residence; and, as on this application we cannot, in either case, look beyond the affidavit filed therein in those three cases, we must consider the defendant as a resident of this state.

The only statement of special reasons for ordering bail, in the affidavit which describes the defendant as of Brooklyn, is in these words, at the conclusion : "and deponent further says, that unless said Benson is held to bail herein by a judge's order, deponent will be unable to make said Benson answer for the great damage and injury done to this deponent."

The other three affidavits contain a statement in all respects like the above, except being qualified by the expression, "as deponent believes;" and in neither of the three are any facts, circumstances, or reasons given upon which the deponent founds his statement or belief.

The rule is well settled, that in actions for *tort*, to warrant an order for bail, the affidavit must not only disclose a good cause of action, but some special cause for ordering bail. 1 *Tidd*, 3*d Am. ed.*, 172; *Clason* v. *Gould*, 2 *Caines Rep.* 47; *Van Vechten* v. *Hopkins*, 2 *Johns.* 293; *Norton* v. *Barnum*, 20 *Johns.* 337; *Zimmerman* v. *Chrisman*, 7 *Hill* 153; *Brooks* v. *McLellan*, 1 *Barbour* 247.

In 1 *Barbour* 247, the rule is thus stated :

" The rule for holding to bail in actions of *tort* is, that in all cases where a judge's order is necessary something more must be stated in the affidavit than merely a cause of action; some special cause must be shown in addition, such as that the defendant is a nonresident, or that he is about to depart out of the state, and the like. A resident of the state cannot in such cases be held to bail, unless evidence is produced to justify the apprehension that he will not be within the jurisdiction of the court to answer the demand when judgment shall be obtained against him."

The rule, as thus stated, seems to be a reasonable one, and in accordance with the authorities; and while the policy of our laws is to discourage imprisonment in civil actions, there is no reason for allowing any further exceptions to it than now exists, *viz.*, in actions for an outrageous battery or mayhem (1 *Tidd 3d. Am. ed.* 172,) and actions for seduction.

In the action of Herbert, in which the affidavit describes Benson as of the city of Brooklyn, sufficient cause is shown for ordering bail, *viz.*, that Benson is not a resident of this state; and in that action the application of the defendant must be denied, with costs, none of the objections being well taken.

In the other three actions, the court is bound to presume that Benson is a resident of this state, the contrary not appearing by the affidavits. We cannot look beyond the affidavits, and supply this omission by the statement in the other affidavit; each affidavit must stand or fall by itself. The allegation of special cause, which they contain, is not sufficient as against a resident of the state; they merely state the plaintiff's belief of an inability to make the defendant answer for the alleged injury and damage unless he be held to bam, without showing any reason for that belief. If such an affidavit should be held

sufficient, the bail might be ordered in every action of *tort.* In the language of Kent, J., in 2 *Caines Rep.* 47, " there is no rule or guide given for the discretion of the judge or court, and that discretion, upon such an affidavit, must necessarily be arbitrary, which the law will not allow."

In these three cases, therefore, the last objection being well taken, the application of the defendant is granted, with costs.

CITED in *Perry* v. *Orr*, 6 *Vr.* 298; *Wert* v. *Strouse*, 9 *Vr.* 188.