*Court of Common Pleas, Dauphin County, February 6th,* 1860.

## SCOTT *v.* CRUM.

In an action of slander, special bail is demandable only where special damage is shown, or the defendant is about to go out of the jurisdiction of the court.

BY THE COURT.—This suit is brought for words spoken by the defendant concerning the plaintiff, and bail demanded in $1000. The defendant obtained a rule to show cause of action, and why he should not be discharged on common bail. The plaintiff, by her own oath and also by the affidavit of another, has established the speaking of actionable words by the defendant concerning her; and the allegation, when made against a female, is one highly derogatory to her character. She is charged with having committed fornication. The question presented for our consideration is, can the defendant be held to bail for mere actionable words spoken without any other circumstances averred in the affidavit?

We have repeatedly decided that a defendant cannot be held to bail in an action of slander without proof of *special damage, or that the defendant is about to leave the State, or go out of the jurisdiction of the court.* It is very confidently asserted by the plaintiff's counsel that we have no warrant in the law for such decision; that for actionable words of a gross character, the defendant can always be held to bail. The general rule, as stated in the English books on the subject of special bail, is that the defendant cannot be so held except where the plaintiff can swear to a sum certain that the defendant owes him, or that he has been injured to a certain amount.

There are a few exceptions to that rule which will be noticed. "The law," says Sellon, in his Practice, p. 60, "has in England undergone a most extraordinary change on this subject. Originally no arrest was allowed for any debt or purely civil cause of action, but only for trespass committed *vi et armis.* Now the law is reversed, no arrest being allowed in actions of trespass *vi*

[Scott v. Crum.]

*et armis* (except by particular order of a judge) but only in cases of debt and other civil actions." Tidd, in his Practice, vol. i, p. 152, says: "It is not usual to grant such special order except where there has been an outrageous battery or mayhem, or the defendant is about to quit the kingdom. The defendant may be arrested, of course, in an action of debt, assumpsit, or covenant, where the party can swear to a sum certain being due, but not where the amount is wholly uncertain." It is said the party may be held to bail in *trover* where the plaintiff can swear that the defendant has wrongfully converted goods of a specified value to his own use (1 Sellon Prac. 108; 1 Willson, 335; Cowp. 529). Possibly the same doctrine would prevail in trespass *de bonis asportatis*, where the plaintiff would swear to the taking and the value of the goods removed.

That this is the rule of law in Pennsylvania is stated by Chief Justice Tilghman (6 Binn. 304). He says: "The general rule is that in actions of trespass bail is not demanded, because there is no standard by which the damages can be measured. But there are exceptions to this rule; one is where the defendant is about to depart out of the jurisdiction of the court," etc. These principles all have a bearing on the present action, proving that bail will not be required where the damages are uncertain, except under special circumstances. In Barnes's Notes, p. 79, 80, it is said, in an action of trover for a ship, that as the damages were uncertain, "the plaintiff was not entitled to bail without a judge's order." "In debt, assumpsit, trover, and covenant, by *ac etiam* bail is of course. In trespass, detinue, and special actions on the case, or covenant, at discretion; for words, no bail unless for slander of title." This work is of the highest authority for all matters of practice. Still, we do not believe that bail is confined to slander of title merely, but embraces all other cases of special damage, as where a trader can prove his customers, in consequence of the charge, ceased to deal with him. A person that by reason thereof, he or she, lost a chance to marry, or any of the other cases enumerated, is special damage. The amount of that damage need not, and generally cannot be proved, but when special damage is shown, the court must use a sound discretion in fixing the bail. Starkie, in his work on Slander, page 243, title Process, says, "Since the damages are uncertain, the party cannot be held to bail without a special order of the court or a judge on a full affidavit of the circumstances, and no instance appears in the books in which such an order in a common case has been granted. Even in an action of *scandalum magnatum*, the court has denied an application for good bail." (See 2 Mod. 215; see also 3 Mod. 41.) We are well aware that in Pennsylvania the practice of a special order has never prevailed. By our custom, before the passage of the act of 1836, no previous affidavit was required,

[Scott *v.* Crum.]

but the writ was issued and bail demanded by counsel. The defendant could at any time, when arrested, cite the plaintiff to show his cause of action, and why an order of common bail should not be made, when the whole subject was brought before the court, or a judge in vacation, by affidavit. The 4th section of the act of 1836 required a previous affidavit; but that part of the act was repealed in 1840 and the former practice restored. The decisions in England are cited merely to show the class of cases in which bail will or will not be ordered by a judge, and where no such order will be made, it cannot be demanded in our State. In the State of New York it is held that bail will not be required in libel or slander, unless for slander of title, or on some special cause shown. Bail cannot be demanded for *mere defamation,* nor is it in the discretion of the judge, which must necessarily be arbitrary, which the law will not allow (2 Caine's Rep. 47). But when it is shown that the defendant was a mere transient person, and about to leave the State, bail was required (2 Johns. Rep. 292). Both of these cases are recognized, and the doctrine fully sustained in Norton *v.* Barnum (20 Johns. 337). The same rule, we have always understood, prevails in Pennsylvania. In McCawley *v.* Smith (4 Y. 193), where actionable words were uttered, and the charge also published in a newspaper, the court refused to hold to bail *unless special damage proved,* or the charge be of a *gross nature.* The latter qualification we think was improper, as it fixes no certain rule, but is necessarily *arbitrary,* which is a power not conferred on the courts. In that case bail was refused; yet the words were spoken of a landlord in the course of his business, that he robbed his guest, and the charge was also published in the newspapers. In Charles *v.* Holmes (1 P. A. Browne R. 297), it seems to be taken for granted that special damage must be sworn to. Bail was required where the party swore that the words were spoken of him in his trade or calling, and by reason thereof he lost a customer. The case in 2 Miles R. 392, only settles that the affidavit was insufficient, and does not pretend to declare what proof is necessary. We have but little in our books of reports on this subject, and in the absence of some judicial decision or settled practice to the contrary, we must be governed and guided by the rules of common law, which require proof of special damage, or that the defendant is about to leave the State, and such we have always understood to be the law of Pennsylvania.

Defendant is discharged on common bail.

*Rawn, for plaintiff.*

*Berryhill and Eckels, for defendant.*