By the Court:

Monell, J.
Under statutes existing at the passage of the Hon-imprisonment Act of 1831, a defendant could be held to bail, of course, and without any special order for the purpose, in all actions of debt, and in actions upon contracts for the payment of money, the performance of service, or the delivery of property, and in actions for conversion of, or replevin, or trespass, for taking personal property, and for trespass upon lands. In all other eases a special order was required. The ao etiam clause m the writ denoted the true cause of action, and determined the question of bail (2 R. S., 348).
*348 The act of 1831 (Laws, p. 396) abolished imprisonment on any civil process, in any suit or proceeding, for the recovery of money upon any contract, or due upon any contract, express or implied, or for the recovery of any damages for the non-performance of any contract.
The act, however, provided for the issuing of a warrant of arrest, upon satisfactory evidence establishing one or more of the following particulars: (1) A fraudulent removal of property; (2) a fraudulent concealment of property; (3) a fraudulent disposition of property, and (4) “ that the defendant fraudulently contracted the debt, or incurred the obligation, respecting which the suit is brought.”
The provisions of the Code are substantially like those of the Non-imprisonment Act, and are not, in any respect, inconsistent with the provisions of the [Revised Statutes concerning arrests in actions for torts. Arrests in such actions are allowed now, as formerly.
The effect, therefore, of the Act of 1831, and of the Code, was to take away, or abolish, the right to arrest a defendant for debt, leaving the remedy unimpaired in actions for wrongs, and sup plementing it, in cases of fraudulent removal, conceahnent, or disposition of property, or for fraudulently contracting the debt.
Nor have either of the acts referred to changed or affected the object and purpose of bail. Now, as formerly, it is an obligation to render the defendant amenable to final process in the action; and the obligation is fulfilled if the bail have the person of the defendant ready to be taken in execution. Bail is not, therefore, in any sense, a security for the debt, as the principal may be surrendered at any time, even after judgment in the action, in exoneration of their liability.
Imprisonment of the person of a defendant, which, in theory at least, is supposed to assist in compelling the performance of contracts or in redressing wrongs is, in its effects and results, a punishment. It is not a part of any contract, and may be abolished without impairing the obligation of any contract. Chief-Justice Marshall says, in Sturges v. Crowninshield (4 *349 Wheat., 200) : “ Confinement of the debtor may be a punishment for not performing his contract, or may be allowed as a means of inducing him to perform it. But the State may refuse to inflict this punishment, or may withhold this means, and leave the contract in full force. Imprisonment is no part of the contract, and simply to release the prisoner does not impair its obligation.”
Chancellor Kent also says (2 Kent Com., 399): “ Imprisonment for debt is not usual, unless the debt was contracted, in the first instance, under deceitful assurances, or unless the debtor has applied his property unfairly, or refused to give to his creditor any reasonable or satisfactory explanation. And m all those cases he deserves punishment?
But the title of the act of 1831 very clearly indicates the legislative view of the meaning and purpose of arrests in civil actions. It is “An act to abolish imprisonment for debt, and to punish fraudulent debtors/” and the Code (§ 178) declares that none of its provisions shall affect such act, referring to it by its title, as an act to punish fraudulent debtors.
If anything further was required to establish that the purpose of an arrest is punishment, the very emphatic language .of Judge Woodruff, in the People v. Latorre (6 Abb., N. S., 63), will furnish it. In speaking of the act of 1831, he says : “ It would not be profitable to dwell upon the reasons moving the legislature to punish fraud, and to treat the fraudulent debtor as a criminal, or to inquire whether it is reasonable to punish a fraudulent debtor with more severity than any other wilful wrong-doer.” * * * Again, “ the general rule is, that no debtor shall be imprisoned, but the exception is affirmatively and explicitly made that to punish fraud the fraudulent debtor may be taken and committed as other criminals /” and that the legislature intended to punish the fraudulent debtor, and provided for the punishment, “ by a clear discrimination between him and the honest man.”
The liability of partners for the tortious acts of each other, is confined to such acts as are connected with the partnership *350 affairs, and proceeds upon the principle of agency, the tort being looked upon as the joint and several tort of all the partners, so that they may be proceeded against in a body, or one may be sued alone, for the whole damage done. In law, the act of one, in respect to partnership affairs, is presumed to be with the assent of his copartners, and the liability arises from such presumption. As each acts as the agent of all, he is supposed to act with the consent of all. In all these cases the liability is several, as well as joint. Formerly, and until the enactment of the Code, a distinction existed between actions, and for a fraud a special action was required. For other torts the action Avas trover, or trespass, or replevin, and the liability of all the partners for the tortious act of one could be enforced only by one of such actions.
Those distinctions no longer exist, but an action may be maintained to recover damages for fraud, or deceit, or for a conversion of, or a trespass to property, without regard fo form.
To charge a whole partnership with the fraud of one partner, the action must be founded upon th % fraud. The fraud now, as formerly, can be waived, and a debt, although fraudulently contracted by one partner, may be recovered of all the partners, as a simple debt due from the firm. But when it is sought to enforce a liability of the remaining partners for the fraud, and to recover damages for a tortious act, the action must be founded upon the fraud.
An order of arrest has never been moré than a mere provisional remedy, designed to secure and retain the person of the defendant within the reach of the final process of the court, and is now allowed only in cases where some wrong has been done. The arrest becomes punishment when it is followed by actual imprisonment, which actual imprisonment must always follow where the defendant is unable to furnish bail. The arrest, therefore, is resorted to and used as a coercive remedy, to force payment, or to compel performance, as a means of obtaining a release from imprisonment, and it is useful to a creditor for no other purpose whatever. The actual imprisonment of a debtor *351 on final process, although a technical satisfaction of the debt, is not in any sense a payment of it.
Beyond its coercive property and power, therefore, arrest and imprisonment is a punishment for a wrong, which the law holds the wrong-doer responsible for. But I thinfc the policy of the law is, as I believe it should be, to reach and subject to punishment such only as have committed the wrongs, or have done the acts which establish the right to arrest. Such policy was indicated in exempting from arrest heirs, executors, administrators, trustees, and assignees, unless they had incurred a personal obligation to pay the debt (2 R. S., 348, § 9); and since 1830 females and soldiers of the revolutionary war (Laws 1830, ch. 238); and now, under the Oode, a female is liable to arrest only for a wilful injury.
The liability of all the partners for the acts of each partner can, as before observed, arise only for acts relating to the business affairs of the copartnership ; and no such general liability attaches when the thing done is not within the general scope and business of the firm, unless the film has received the benefits of, or in some way, expressly or impliedly, ratified the act (Story on Part., § 166). Hence, all the partners are not liable for a conversion, by one partner, of property having no connection with the partnership affairs; nor for any other act, not committed in the course of the partnership business. But for torts which arise in the course of the business of the partnership, all the partners are liable, although the act may not have-been assented to by all the partners.. Hence, where one of the partners commits a fraud in the course of the partnership business, all the partners are liable, although they have not all concurred in the act.
Judge Story says (Story on Part., § 108), this liability of all the partners for the fraud of one, “ proceeds upon the intelligible ground, that where one of two innocent persons must suffer by the act of a third person, he shall suffer who has been the cause or the occasion of the confidence and credit reposed in such person.” But this ground does not gain any additional strength by denominating the act a tort, or determining it to be such.
*352 Under the forms of actions as they existed before the Code, a special action on the case would have been the appropriate remedy to recover a debt which had been contracted by the fraudulent representation of one partner. In such an action the defendant could not have been arrested without a special order. "Whereas, if the tort had been waived, and an action of assumpsit, as it was called, had been brought, the defendant could have been held to bail, as of course, and without an order; which indicates that the fraud was not formerly considered as potent as the debt. And it may be, that if this action had been to recover for the fraud, that all the remedies to which a plaintiff would be entitled might have been taken against all of the partners. But in an action to recover the debt, where an order of arrest is no longer allowed, except as a mere incidental remedy, on the establishing of extrinsic facts constituting a fraud, the power of the court to grant such remedy must necessarily be dérived from such extrinsic facts; yet these facts are no part of the implied contract of indebtedness, nor of the cause of action. It would seem, therefore, to be just that the power should be exercised against, and confined to the partner who has done the wrong. If the innocent partners can be arrested and imprisoned, as a mere incidental remedy, in an action to recover the debt, I see no reason for withholding the order against all the partners, where one only has fraudulently concealed, removed, or disposed of the partnership property. But I have not found any case that would warrant any such conclusion. Yet each of these acts is a specific ground for arrest.
Courts have always exercised a discretion in granting orders of arrest, when such orders • were necessary, as in actions for personal injuries. As early as Clason v. Gould (2 Caines, 47), in an action for libel, the court held that a special cause must be shown. This was followed by Van Vechten v. Hopkins (2 J. R., 293), Horton v. Basneem (20 id., 337), and Zimmerman v. Cheisman (7 Hill, 153). The latter was an action for assault and battery. A similar discretion has been exercised under the Code (Davis v. Scott, 15 Abb. Pr. R., 127), and such is the practice of this court. Indeed, it may be said of all the cases in which an *353 order of arrest is now allowed, that the order rests in the discretion of the court. The language of the Code (§ 179) is, that the defendant may be arrested, and the order may be made. This view is expressed by Judge Daly in Davis v. Scott, supra, and by Judge Harris in Laprous v. Hart (9 How. Pr. R., 541).
It may, however, be said that if the power is discretionary with the judge to grant or refuse the order, his action is final, and cannot be reviewed. That is probably so, and I, therefore, place the decision of this case upon the ground that the court has not the power to grant the order against an innocent partner; and that, therefore, to attain this provisional remedy, as a mere incident to the action, it must be shown that the partner, against whom the remedy is sought, has, himself, committed the fraud.
There is a substantial reason, as was stated by Judge Story (ubi sup.), for holding all the partners liable for a debt contracted by one, even when it was contracted in fraud, but in the name of the firm. But such reason is altogether insufficient when it is sought to inflict upon innocent persons other and criminal consequences, which do not affect, or impair, or increase the right to recover the debt. Where now, as formerly, the innocent as well as the offending person was liable for the tort in an action brought to recover for the tort, a distinction could not, perhaps, be made. All were liable, and the order probably would be general. But where the tort is waived, and an action for the recovery of the debt is instituted, the remedy of arrest can be granted only against the person who has committed the acts which authorize it.
The act abolishing imprisonment for debt was intended to prevent arrests for debt alone. But the legislature continued the power to arrest for certain wrongs committed in contracting the debt; thus clearly indicating, I think, an intention to subject the wrong-doer to the prescribed consequences of his unlawful act. And the Code has adopted the same provisions. It was not intended, it seems to me, to render every person, who by his mere relations to the wrong-doer is liable for a debt which has been contracted through the fraud of such wrong-doer alone, also *354 liable to be arrested and imprisoned, unless the fraud is the foundation of the action.
I do not mean, however, to commit myself to any opinion, that even where the action is directly to recover damages for a fraud, all the partners can be arrested, either by order or on final process, for the tort of one partner only. It is enough that we should hold, that in action to recover the debt, an order of arrest, as a provisional remedy, cannot be granted against any person other than the one who has committed the fraud.
I am, therefore, of the opinion that the order of arrest in this case, as against the defendant Temple, was properly vacated and set aside.
The order appealed from should be affirmed, with costs.