ELISHA RUCKMAN ADS. THE RIDGEFIELD PARK RAILROAD
COMPANY.

1.  The replication *de injuria*, is only allowed where the plea is in excuse,
    and not in denial of the cause of action.
2.  It may be used in our practice in actions *ex contractu*, wherever a
    special plea in excuse of the alleged breach of contract can be pleaded,
    as a general traverse to put in issue every material allegation in the
    plea.
3.  Where the defendant pleads that the power to cancel a subscription
    for stock is derived from the original agreement between the parties,
    and has been exercised, the plaintiff cannot reply by the general trav-
    erse *de injuria*.

---

On motion to strike out the second replication to the second
plea of the defendant.

The action was brought by the plaintiffs to recover from
the defendant the amount of his subscription for seventy-five
shares of the capital stock of plaintiffs.   The defendant, in
his second plea, set out that, at the time of making such
subscription, the plaintiffs, by their agent, duly authorized,
promised in writing that the defendant was and should be at
liberty (free of costs) to cancel his said subscription at any
time he might elect, and that, in consideration of such written
promise, he signed the subscription for seventy-five shares of
stock, upon which the action is brought.   The defendant
further avers that he elected to cancel his subscription, and

gave notice in writing before the commencement of this action. To this plea the plaintiffs reply, first, denying that the defendant was at liberty to cancel his said subscription; and, second, *de injuria*, &c. This second replication the defendant moves to strike out.

Argued at February Term, 1875, before Justices WOODHULL, VAN SYCKEL and SCUDDER.

For the plaintiffs, *Ackerson*.

For the defendant, *Vanatta*, Attorney-General.

The opinion of the court was delivered by

SCUDDER, J. This is an action of *assumpsit*. It was strongly argued in *Gibbons* v. *Moltham*, 6 *M. & G.* 692, that the replication *de injuria* is inapplicable to actions *ex contractu*. But, upon the authority of *Isaac* v. *Farrar*, 1 *M. & W.* 65, and other cases cited, the court intimated a contrary opinion, and the position was abandoned. The principle upon which this replication is admitted, and its proper office in pleading is fully discussed in *Craft* v. *Boite*, 1 *Saund.* 244 c. note (7); and *White* v. *Stubbs*, 2 *Ib.* 295, *notes*.

As there stated, formerly the general traverse, *de injuria*, was confined in practice to actions of trespass, replevin, and case for injuries. But when, under the new rules, special pleas in excuse became frequent in actions of *assumpsit* and debt, on simple contracts, it became reasonable that the plaintiff should be allowed to take issue by a general traverse of the whole matter of excuse alleged, and such pleading was sustained by the courts. There was no occasion to use this replication when the usual plea in *assumpsit* was the general issue. But, as more special defences by pleading are being favored in the modern practice of our courts and by legislation, the replication *de injuria* becomes applicable as a general traverse of the excuse and all the material allegations in the special plea. It is only allowed where the plea is in excuse,

and not in denial of the cause of action. It is bad when the defendant insists on a right as a justification ; nor is it permitted where the plea amounts to matter of discharge and not of excuse, as when the plea is payment, accord and satisfaction, release, &c. *Stephen on Pleading* 164 ; 1 *Ch. Plead.* 584 ; *Com. Dig., Pleader,* (*F.* 18–23) ; 1 *Saund. Pl. & Ev.* 234 ; *Selby* v. *Bardons,* 3 *B. & Ad.* 2 ; *S. C.,* 9 *Bing.* 756 ; *Piggott* v. *Kemp,* 1 *Cr. & M.* 197 ; *Jones* v. *Senior,* 4 *M. & W.* 123 ; *Schild* v. *Kilpin,* 8 *M. & W.* 673 ; *Purchell* v. *Salter,* 1 *Q. B.* 197–209 ; *Cowper* v. *Garbett,* 13 *M. & W.* 33 ; *Crogate's Case,* 8 *Coke* 66, *and notes;* 1 *Smith's L. C.* 200 ; *Berry* v. *Cahanan,* 2 *Halst.* 77.

The introduction of this form of replication in actions *ex contractu* in the English courts, since the new rules of Hilary Term, 1834, is minutely and well stated in 7 *Robinson's Practice* 680, &c.

But in this country, owing, as has been already stated, to the general form of pleading formerly used in courts proceeding according to the practice of common law, this replication has not been used in actions *ex contractu.*

It is said in one case—*Coffin* v. *Bassett,* 2 *Pick.* 357— that the use of *de injuria* is limited to actions of tort, and cannot be employed in suits founded on contract. So in *Tubbs* v. *Caswell,* 8 *Wend.* 133, it is spoken of as applicable to cases in tort. *Gould on Pleading, ch.* 7, § 9, says : " The traverse *de injuria, &c., absque tali causa,* though of frequent occurrence, is confined to actions *ex delicto,* and used only in replications." Such has undoubtedly been the practice in this state and in other states of our country, where the general forms of pleading have been used. *Allen* v. *Crofoot,* 7 *Cow.* 46, *note* 1 ; *Brown* v. *Bennett,* 5 *Cow.* 181 ; *Lytle* v. *Lee,* 5 *Johns.* 112 ; *Griswold* v. *Sedgwick,* 1 *Wend.* 126 ; *Coburn* v. *Hopkins,* 4 *Wend.* 577 ; *Stickle* v. *Richmond,* 1 *Hill* 77.

Where, however, a special plea may be pleaded in actions for tort, or on contract, and the injury or contract is admitted, but some special matter is pleaded in excuse, there is no reason either in principle or in precedent, why the general traverse,

by replication of *de injuria*, should not be used in either case. All that has been said against it is, that it has not been used in actions *ex contractu*, which, as has been intimated, is explainable by the general forms of pleading formerly used in such actions. That it may be used to advantage, is shown by its adoption into the practice of the English courts, to put in issue every material allegation in the plea; and the same reasons which have induced its adoption there will admit its use in our courts whenever, by our practice, a special plea, in excuse of the alleged breach of contract, can be pleaded.

But the replication in this action is bad, for the reason that the liberty to cancel the subscription for the seventy-five shares of stock at any time the defendant might elect, became, when the election was made, a rescission and discharge of the subscription in the defendant's own right, by the agreement of the parties. The plea of the defendant, in effect, denies the simple and unqualified terms of the subscription contained in the declaration, and sets out another contract, by which the subscription was defeasible at the option of the defendant, who has made his election to rescind. This is a denial of the alleged contract, for the breach of which, suit is brought, by setting up another, different in terms, and it is not an excuse for the non-performance of an admitted contract.

It is also within the third resolution, in *Crogate's case*, "that when, by the defendant's plea, any authority or power is mediately or immediately derived from the plaintiff, there, although no interest is claimed, the plaintiff ought to answer it, and shall not reply generally *de injuria sua propria.*"

Here the authority to cancel the subscription was derived from the alleged contract between the parties set out in the plea; and the whole defence was based on the power derived from the agreement to cancel, and the exercise of that power. The replication is, therefore, bad within this resolution.

The plaintiffs must reply whether any such power or authority was given by them to cancel the subscription, and whether, under it, the contract has been avoided. They cannot answer by the general traverse *de injuria.*

The second replication to the second plea is stricken out.