The opinion of the Court was afterwards delivered as follows, by
Parsons, C. J.
This is an action of trespass for an assault and battery, and a verdict has been found for the plaintiff upon the general issue. The defendant now moves in arrest of judgment for a defect in the declaration. The defendant was attached to answer the plaintiff in a plea of trespass for that whereas [ *361 ] *the defendant, at the time and place mentioned, with force and arms committed the trespass complained of. It is said that this manner of laying the trespass is by way of recital, and not sufficiently certain and positive to admit oí a legal judgment after verdict. A count in trespass of this form, when the proceedings were in Latin, was called a declaration with, a quad cum, whereas being substituted for cum. In examining the cases on this point, it is very certain that formerly declarations in trespass with a quad cum were holden bad, and that no judgment could be rendered thereon, even after verdict; and the defect was not considered as cured by any of the English statutes of amendment or jeofails. For many years past, the judges in Englaxid have appeared dissatisfied with these decisions: and, after several attempts, it is now holden that a declaration of this description filed in the Common Picas is not bad, even on special demurrer. Much legal astutia is discovered in the reasoning which has led to this conclusion. To explain it, it mus' be remembered that a count in the Common Pleas recites the writ, and this recital is considered as a part.of the count. Thus, in trespass for an assault and battery with a quad mm, the defendant is *327 attached to answer the plaintiff in a plea quare, or wherefore, with force and arms he assaulted and beat the plaintiff; whereupon the plaintiff complains quad cum, for that whereas the defendant assaulted and beat the plaintiff, by which he hath damage to the sum of, &c.
The first attempt was made in the case of Norman vs. George. (8) The declaration was in the Common Pleas, and was trespass with a quad cum. The error assigned was, that the trespass was alleged by way of recital, when the charge ought to have been certain and positive. The defendant in error insisted that, as the count inserted the writ, a reference to the writ aided the insufficiency of the charge. Of this Lord Raymond doubted ; for, if the recited original vary from the count, the court could not take notice of it, but by resorting to the original. He also observed that a reference to the writ as recited * would not amount to a [ * 36:2 ] positive allegation, for there it is quare vi et armis. No judgment, however, was given.
Four years after this, in the case of Warren vs. Lapdon, (9) in the Common Pleas, the declaration in trespass was with a quad, cum, and a motion was made after verdict to arrest the judgment for this cause. But the court refused a rule to show cause — being of opinion that although cum, if it stood alone, might be bad, yet the recital of the original had helped it.
Notwithstanding the Common Pleas would not arrest the judg ment for this defect, an attempt was made in the King’s Bench, in the case of Douglass vs. Hall, (10) to reverse a judgment of the Common Pleas for this error. But Lee, Chief Justice, thought the declaration with a quad cum well enough, as it referred to the writ, in which quare vi et armis was a sufficient averment. However, Dennison, J., assumed a different ground. He would reject cum as surplusage after the merits had been tried, but thought it bad upon demurrer. No judgment was given.
Afterwards, in the case of White vs. Shaw, (11) in the Common Pleas, whereas had complete success. A declaration in trespass with a quad cum was demurred to specially for that cause. The court observed that, if the declaration had been in a bill in the King’s Bench, it might have been bad ; but in the Common Pleas, the count is helped by setting out the writ in the declaration, — and the plaintiff had judgment. Thus it is settled in the Common Pleas that cum, when referred to the potent word quare, amounts to a positive allegation. Yet, if we look into the case of Hore vs. Chap *328 man, (12) in the King’s Bench, we shall find a declaration in trespass, where quare is substituted for quad cum. But judgment was arrested after verdict, because quare is not positive but interrogatory, and much worse than quad cum. It is, however, settled in the Common Pleas that, by connecting the whereas, a word of recital, with the interrogative- why or wherefore, there results a positive allegation ; the reasons for this decision it is not expedient [*363] critically to examine. * We perfectly understand Justice Dennison, when he observes that, after the merits had been tried, “ whereas ” ought to be considered as surplusage, and no notice be taken of the officious intruder.
I have found no decision of the Court of King’s Bench, since the proceedings were in English, on the effect of whereas in a count in trespass, when introduced in proceedings by a bill, in which is not contained the interrogative ivhy.
Thus far we have considered the authorities in the books. The general rule which governs in deciding on the forms of declarations, in all cases, is that they should with sufficient certainty describe the gravamen, that the defendant may know what to answer; and certainty to a common intent is sufficient. But there is a greater strictness in the rule, in actions where the consequences of a conviction are penal to the defendant, than in others. In assumpsit, it has been determined as long ago as the case of Ernly vs. Lord. Falkland & Al. (13) that a declaration quad cum super se assumpsit is good after verdict. But the reason why in trespass it is not, is given in the case in Fitzgibbon, 255, already cited. It is because, on a conviction in trespass, there is a judgment quad capiatur against the defendant In this state a judgment of capiatur cannot be entered, and there is therefore no reason for requiring greater strictness in declarations in trespass, than in assumpsit. There is also a difference in the form of the writ prescribed by our statute and the common-law form in the Common Pleas. In the English form, the plaintiff, after alleging his damages, adds, “ and thereupon he brings suit,” &c., or proffers his witnesses. In our form there is a material substitution of the affirmative words, “ which shall then and there appear.” By our writ the defendant is attached to appear at a court named, there to answer to the plaintiff in a plea of trespass for that whereas the defendant with force and arms, at the time and place mentioned, assaulted and beat the plaintiff, to his damage, &c., “ which at the said court shall appear.” In this view of the declara- [ * 364 ] tian, can it be * doubted whether it is not certain to a *329 common intent; or whether the charge be not positively, although not in technical form, affirmed ?
To relieve parlies from the consequences of objections to mere informality, in legal proceedings, the 'statute of Oct. 30,1784, beside vesting the Court with a general power to order amendments on motion, enacts that “ No summons, writ, declaration, process, judgment, or other proceedings in Court, or course of justice, shall be abated, arrested, quashed, or reversed, for any kind of circumstantial errors or mistakes, where the person and case may be rightly understood by the Court; nor through defect or want of form only.” In the action before us, the person and case cannot be misundei - stood by the Court from the unnecessary use of the word “ whereas.” Its insertion is a mere technical mistake in form, and not a substantial error; and we think, with Mr. Justice Dennison, that it is mere surplusage, and after verdict shall be rejected. It is not necessary to decide what judgment would have been given, had the defendant demurred specially to this declaration. But as it is a matter of practice, and the negligence or unskilfulness of attorneys may again bring up the question, we are fully satisfied that, as the mistake is merely formal, and not substantial, a general demurrer would not avail the defendant. As we are not satisfied with the reason of the judgment in the case of White vs. Shaw, if the defendant should demur, and assign this mistake specially for cause of demurrer, we think the exception must prevail.
We are sensible that this opinion is against the judgment of the Court in the case of Holbrook vs. Pratt. By the present system of administering justice by this Court, the judges on the circuit have not time to deliberate, or to examine books, on any subject: Under these circumstances, it would be surprising if a mistake were not sometimes made by the judges. This apology, which we make for others, we hope the candor of the public will allow to the present judges.
Let judgment be entered according to the verdict. (a)

 Fitzg. 255.

 1 Barnes’s Notes, 176

]0) 1 Wils. 99.

 2 Wils. 203.

 2 Salk. 636.

 Hard. 1, 103

 2 Salk. 636. — 1 Str. 621.— Com. Dig. Pl. C. 86.—1 Lev 194. —2 Str. 1151, 1162 —1 Chit. P. 375. — 1 Wilson, 99.-7 Johns. Rev. 109.