## Gordon *against* Hood.

December, 1823.

In trespass, the first count in the declaration is without, but the second contains a positive averment. Judgment should not be arrested.

IN the Circuit Court of *St. Clair* County, *Samuel G. Gor- don* declared against *John Hood*, " for this, that *whereas* " the said defendant on the ——— day, &c. at, &c. with " force and arms, one road waggon, &c. forcibly took out of " the possession of said plaintiff, &c. And also *for that the* " *said* defendant with force and arms, on the same day and " year aforesaid, at ——, &c. carried away a certain road " waggon, &c. the property of said *Samuel*," &c.

The defendant plead not guilty, and a special plea of jus-

tification. Verdict for the plaintiff; and on motion of de- <span>DECEMBER, 1823.</span>
fendant, the Circuit Court arrested the judgment. On a
writ of Error to this Court, *Gordon* assigned this matter as
Error.

<span>Gordon<br>v.<br>Hood.</span>

Judge *Crenshaw* delivered the opinion of the Court.

The declaration contains two counts. The first com-
mences that the plaintiff complains, " for this, that whereas,"
&c. The second, " and also for that," stating the charge with-
out a *whereas.* The authorities seem to support the doctrine
that in actions of trespass a statement of the injury under
a *Quid cum* is not a sufficiently positive averment; but I am
clearly of opinion that the defect is aided by our Statute of
amendments, especially after verdict. Even in *England,*
according to the more modern decisions, such a defect could
be noticed by special demurrer only, and was amendable at
any time before or after judgment. (1 Chitty's Pl. 275) see
also the case of *Coffin* against *Coffin,* 2 Mass. R. 358. 7th
John. 109.

The judgment of the Circuit Court must be reversed, and
judgment rendered here for the damages assessed.

*McMeans* for plaintiff.

*McClury* for defendant in Error.