## LOWE *v.* NEEDHAM.

Assumpsit by *A.* against *B.* upon a promissory note. The declaration alleged that on the 21st of *February,* 1852, *B.* made his promissory note to *C.,* and and that *C. then and there* indorsed the same to *A.* There was the usual allegation of promise, breach, &c. Special demurrer assigning, 1. That the declaration did not show with sufficient certainty when the indorsement was made by *C.* 2. That the declaration did not aver that *B.* had not paid the note to *C.* before the assignment, &c. *Held,* that the demurrer was properly overruled.

ERROR to the *Johnson* Circuit Court.

STUART, J.—Assumpsit by *Needham* against *Lowe* on a promissory note. The declaration alleges that on the 21st of *February*, 1852, *Lowe* made his promissory note to *Jesse Hamilton*, and that *Hamilton* then and there indorsed the same to the plaintiff, *Lowe*. There is the usual allegation of promise, breach, &c. The defendant demurred specially, assigning for cause, 1. That the declaration did not show with sufficient certainty when the indorsement by *Hamilton* was made. 2. Nor did the plaintiff aver that *Lowe* had not paid the note to *Hamilton* before assignment, &c.

There is no foundation for the first objection. The date of the assignment is clearly enough stated in the declaration. The allegation, "then and there indorsed," &c., refers to the date of the note; and is as certain and explicit as though the date had been repeated.

The second objection stands on no better basis. The breach negatives the payment of the money or any part of it. The note being assigned the day it was made, and before it was due, having several months to run, the breach seems sufficient. If *Lowe* had performed the unusual and very improbable act of paying his note to *Hamilton* before it was due, and before he had notice of the assignment, such payment would have been a good defence to the action. But in framing his declaration the plaintiff was not bound to anticipate such a contingency. The second degree of certainty is all that is required in the declaration. 1 Chitt. Pl. 234. Certainty to a common intent even has been held sufficient in cases like this, by the Courts of *Massachusetts* and *New-York*. *Coffin* v. *Coffin*, 2 Mass. R. 363.—12 *id*. 506.—13 *id*. 284.—2 Johns. Cases 339.

As the defence set up is purely technical, leaving the merits wholly unanswered, it deserves a passing notice. Such defences are not favored either by the legislature or the Courts. In purely money claims, where the only end to be attained is delay, there is great danger of abuse. This it is the duty of the Court to prevent by the use of such means as the legislature may have provided. It will

May Term,
1854.

LOWE
v.
NEEDHAM.

*Saturday,
May 27.*

May Term, 1854.

not do to encourage debtors to speculate on the accumulated business and consequent delay of money demands brought here, on technical defences. A new rule, giving such cases precedence in the civil business of the Court, may be deemed expedient. It is hoped that a speedy decision and proper damages will restrain the tendency to such abuse, if it should be found to exist.

Without intimating that this case was brought here for delay, for we presume it was not, we yet deem it a proper one to indicate the remedy which, on principles of public policy and public good, is so much needed.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*F. M. Finch*, for the plaintiff.

*D. Hicks*, for the defendant.

