NELSON N. SAWYER & WIFE *v.* THE TOWN OF KEENE.

When the owner of land or buildings in any town in this State is injured by an altera-
tion or repair of a highway, raising or lowering the same in front of, or adjacent to, the
said land or buildings, under the special statute of 1848, he may apply in writing to
the selectmen of the town for redress, setting out his claim for damages, and the
grounds thereof, in a brief, comprehensive and intelligible form.

The selectmen having neglected or refused to act upon said application for the space of
thirty days, the party injured may file his petition in due form in this court, giving ju-
risdiction to the court by reciting past proceedings, and substantially setting out in
his petition his claim for damages, and the grounds thereof, as in his first application.
It is in the discretion of the court to allow an amendment of the pleadings, provided
no new cause of action, affecting the jurisdiction of either tribunal, would be intro-
duced thereby. The assessment of damages to be made in such cases, will be for all
past as well as prospective injuries to the petitioner's property, and upon the same
grounds as selectmen appraise damages in laying out highways.

THIS is a petition for the assessment of damages for injuries caused
by alteration of a street.

A copy of the petition, with the amendments allowed against the de-
fendant's exception, is made a part of the case.

The town excepted to the notice given to the selectmen of Keene (a
copy of which is part of the case :)

1. Because the recital of facts commenced with a whereas instead of
a positive averment.

2. Because it did not state that the alterations of the highway were
done by the selectmen, or by any highway surveyor, or any person act-
ing under them—or state the necessary facts to give the selectmen juris-
diction.

3. Because it does not aver ownership of the injured premises in the
plaintiffs.

4. Because it does not describe the premises injured or the particu-
lar injuries.

5. Because the prayer for damages is imperfect and defective in re-
ferring to the Compiled Statutes—that being unknown in law.

The court, however, overruled the objections and the defendant ex-
cepted.

The evidence of the plaintiffs tended to prove, that, a short distance
above the plaintiffs' house, a cross street intersected the one on which
that house was situate, and that, for many years before the alteration
complained of, the water from that cross street ran directly across the
other, which was called Spring street, at the place of intersection, and
passed off on to land of one Hiland—and that at the time of said alter-
ation, Spring street at this point of intersection, was raised, and a ditch
made, on the north side of Spring street, by means of which the water
from said cross street was prevented from passing directly across Spring
street as before, but was conducted down Spring street in the aforesaid
ditch to a point nearly opposite the plaintiffs' land, and then passed
across said Spring street and on to the plaintiffs' land and into their
cellar.

The court instructed the jury as to what constituted an alteration with-

in the meaning of the statute, and to those instructions there was no exception.

As to the damages the court instructed the jury that if they found any alteration in the highway by raising or lowering the same, or by making a ditch, they were to assess damages to the amount of the injury caused by such alteration, and substantially as in the case of laying out highways ; and thereupon the defendant requested the court to instruct the jury that they should assess only such damages as accrued before the filing of the petition, which the court declined to do, and the defendant excepted.

The jury having returned a verdict for the plaintiffs, assessing the damages at thirty dollars, the defendant moved for a new trial.

Ordered that the questions of law arising on the foregoing case be reserved and assigned for the determination of the whole court at its next law term.

[PETITION.]

To the Honorable Supreme Judicial Court of New Hampshire, next to be holden at Keene, within and for the county of Cheshire, on the first Tuesday of April, A. D. 1864 :

Nelson N. Sawyer, of Keene, in said county of Cheshire, carpenter, and Jemima N. Sawyer, of said Keene, wife of the said Nelson N., complain against the town of Keene in said county of Cheshire, and say that heretofore, to wit: on the fifteenth day of August, A. D. 1863, there was and ever since has been and still is a public highway called Spring street in said Keene, leading from Washington street to and by the house, messuage and land of the said Jemima N. Sawyer in said Keene, and which said highway on the day and year aforesaid, in front and north-west of said house of the said Jemima, was so altered and raised by the selectmen of the said town of Keene, and by their servants under the direction of the said selectmen, [and by digging a ditch*] that all the rain, sleet and water, accumulating from a long distance from said house and messuage were turned from their original course and flowed and still do flow upon said messuage and land, and that on the day and year aforesaid, and on divers other days and times between that day and the day of the filing of this petition, the water, in consequence of said alteration and raising [and by said ditch] of the said highway, as aforesaid, flowed and forced itself in large quantities upon said messuage and land belonging to the said Jemima, [and of which she is seized and possessed in her own right] and washed and forced large quantities of sand and stones upon said land, and the said water, so turned from its original course by said alteration and raising of the said highway as aforesaid [and in consequence of said ditch] ran into the cellar under the house aforesaid in large quantities, insomuch so and by means whereof the walls of the cellar aforesaid were greatly injured and sunk a large space, to wit : the space of four inches, together with the

*Amendments allowed by the court included in brackets.

buildings thereon, to the great injury of said messuage and to the great damage of your petitioners.

And although the selectmen of said town of Keene have been applied to in writing, more than thirty days before the filing of this petition, to wit: on the twenty-ninth day of December, A. D. 1863, by your petitioners, to assess the damages occasioned by the alteration and raising of the said highway as aforesaid, yet the said selectmen have neglected and still do neglect to attend to their duties in this behalf, or in anywise to assess the damages occasioned as aforesaid. Wherefore your petitioners pray that the same may be inquired of by the court and that such redress may be granted as justice requires.

JEMIMA N. SAWYER,<br>NELSON N. SAWYER.

[NOTICE TO THE SELECTMEN.]

To Augustus T. Wilder, Chester Nims and Thomas C. Rand, Selectmen of the town of Keene, in the county of Cheshire.

Whereas, by the alteration and repair of the highway, and by raising the same in front and north-west of the house owned by Jemima N. Sawyer and occupied by Nelson N. Sawyer and the said Jemima N. Sawyer, wife of the said Nelson N. Sawyer, in Spring street, in said Keene, great damage has been done to the land and buildings thereon, situate on the south side of said Spring street in said Keene, and owned by the said Jemima N. Sawyer, now by reason whereof you are hereby requested to assess the damages occasioned by such alteration in conformity to sections 18 and 19 of chapter 52 of the Compiled Statutes.

Dated at Keene, this 26th day of December, A. D. 1863.

JEMIMA N. SAWYER,<br>NELSON N. SAWYER.

*D. H. Woodward*, for plaintiffs.

1. The application and petition in this case are founded upon chapter 725, of the Laws of 1848. The second section of said statute provided that the owner or owners, &c., "may apply in writing to the selectmen to assess the damages sustained by them." As to the application in this case the defendant has taken five exceptions. There is no pretext, and can be none, that any of said exceptions are material to the just administration of the law, but are wholly formal and technical.

The first section uses the words that "the town shall be liable to pay damages," &c. The verdict of the jury finds that the town was liable, both in law and in fact. Then we say that the selectmen, as general agents of the town, might well have paid the damages before application in writing was made, if they could have agreed as to the amount, because it was a lawful claim against the town from the time of the injury. *Sanborn* v. *Deerfield*, 2 N. H. 251.

The obvious intention of the statute appears to be that the selectmen's

jurisdiction began and continued from the time of the injury, and that the written application was unnecessary to give them power to act.

In construing the second section of said act the question arises, what object could the legislature have had in providing that the party injured should "apply in writing to the selectmen," &c., and in the third section excluding him from the right of petition for thirty days thereafter? The object appears to be no other than to allow a reasonable time for the selectmen to assess damages, &c., &c., and to put the parties in such a situation as would prevent unnecessary litigation. The written application served the purpose of evidence of the time when the attention of the town was called to the injury. This seems to us to be a reasonable construction of the statute.

The selectmen are always interested in claims against the town, not only as tax-payers but as men who, from their position, are frequently actuated by sinister as well as good motives, to make the town expenditures as small as possible. We cannot perceive how a construction either should or can be given to said statute recognizing the selectmen as a "tribunal" in the sense that word imports.

The statute, respecting such application, uses the words "may apply," but is silent as to form and particulars. The meaning is, as we understand it, that the application shall contain sufficient to give them a reasonable knowledge of the matter and what is wanted. The words of the statute are general, and words of that character are to receive a general construction unless there is something therein to restrain it. *Jones* v. *Jones*, 6 Shep. 308.

As to the case generally we cite *Adams* v. *Richardson*, 43 N. H. 212, and *Rowe* v. *Addison*, 34 N. H. 306.

2. The statute of 1848 contemplates the same rule for the measure of damages as is provided in the case of laying out a highway. Sec. 3, ch. 725, Laws, 1848 ; Sec. 9, ch. 53, Comp. Statutes.

The rules for the assessment of damages in laying out highways seems to be well settled and sustains the rulings of the court. *Concord Railroad* v. *Greely*, 23 N. H. 273 ; *Carpenter* v. *Landaff*, 42 N. H. 218.

*F. F. Lane*, for defendant.

1. The statute of 1848 on which this petition is based, requires the party to apply, in the first instance, to the selectmen of the town to assess the damages which he has sustained from the alterations of streets and highways, by the proper town authorities. The selectmen are made, in fact, a tribunal to hear and adjudge the matter ; and until application has been made to them, in writing, no resort can be had to any other tribunal to act in the premises. *Henniker* v. *Contoocook R. R.*, 29 N. H. 145 ; *Troy* v. *Cheshire R. R.*, 23 N. H. 99.

2. This being the correct view of the case, there is every reason to require, in such application, the statement of the same facts for a case for the selectmen to act upon, that would be required to be stated in a petition to the court in presenting the same case.

The universal rule applicable to tribunals established by law to which

parties may resort for redress of grievances, is, that all the facts necessary to make a valid and legal claim if proved, must be stated in an application for a redress of such grievances; and the decision must be based upon the allegations contained in such applications, and the proofs of such allegations.

Now, judged by this rule the application in this case, or "notice to the selectmen," as it is termed, is singularly defective, for it really presents no case for them to consider—no statement of facts within the statute giving them jurisdiction, and making it their duty to the applicant as well as the town to hear and determine any legal claim, or on which they could legally assess any damages.

We therefore contend that there has been no application to the selectmen for the assessment of damages within the meaning of the statute and that the petition cannot be sustained.

3.    But, if it should be held otherwise, as it is necessary in a case of this sort to follow the provisions of the statute for a remedy, and, therefore to apply in the first instance to the selectmen to assess the damages —the petition in this case can be no broader in its claims than the application to the selectmen.    The amendment should not, therefore, have been allowed.

4.    The rule of damages as laid down by the court proceeds upon the assumption that the alteration was of a permanent character by which the damages or injury to the premises are to be continuous.    We think this is not that class of cases.    The case does not show it, nor does the petition present or claim it.    *Troy* v. *Cheshire R. R.*, 23 N. H. 102.

The third and fourth objections referred to the defective character of the petition before amended.

NESMITH, J.    The plaintiffs made their original application in writing addressed to the selectmen of Keene, under the power of the statute of 1848, requesting them to award special damages to them, which they say they have sustained, in consequence of the change, or alteration, or raising of a public highway, called Spring street, upon which the house of the plaintiffs fronts.    The board of selectmen having neglected or refused to act in the premises, for more than thirty days, the said applicants come up to the trial term of this court by their petition. In other words, the aforesaid chapter 725 of the Laws of 1848 ordains that any person aggrieved, &c., may petition the court of Common Pleas for redress, as is provided by the ninth section of chap. 50 of the Revised Statutes.    The first section of chap. 725 provides, that where the selectmen of any town in this State, or any surveyor of highways appointed by them, or by said town, or any person acting under them, shall make, or cause to be made, any alteration in any street or highway in such town by raising or lowering, or making a ditch on the side thereof, whereby any dwelling house, or other building, or any land adjoining may be injured, the town shall be liable to pay the damages occasioned by such alteration.    The second section of said act provides that the owners of such house, &c., may apply in writing to the selectmen to assess the damages sustained by them.    And it shall be the duty

of the selectmen to appoint a time, notify the applicant, view the premises and assess the damages, as is provided in chap. 49, of the Revised Statutes, in cases of laying out highways, and shall, within thirty days from the time of receiving such application, file the same with their doings thereon with the town clerk of said town, who shall record the same.

Sundry formal exceptions are now taken to the sufficiency of the original application made by plaintiffs to the selectmen of Keene. The first technical defect suggested by the town, is, that the recital of facts in the original application commenced with a *whereas*, instead of a positive averment. A material averment under a *whereas*, though formerly held incurable, is now *amendable* at common law, and is ill only on special demurrer. Gould's Plead. sec. 33 ; 1 Chitty's Plead. 375 ; 7 Johnson's Rep. 109 ; 2 Mass. Rep. 358.

The second objection is more strongly insisted on, that there should be the same application or statement of facts for the action of the selectmen, that are required to be stated in a petition to the court, presenting the same case. The original application to the selectmen and to this court, both make a part of the case before us.

The injurious alteration or repair complained of here, in the original application, was the raising of the highway in front of plaintiffs' house, in Spring street, and north-west of plaintiffs' house, by which great damage has been done to the land and buildings thereon, for which the owners ask indemnity. By legal intendment we may properly infer that this repair or alteration had been made by some of the constituted authorities of the town of Keene, embracing either the surveyor of highways for that district, or the selectmen, or some other authorized agent. With this fair intendment, we have the names of the suffering parties also fairly set forth, and the locality of plaintiffs' land and buildings, and where the repair of highway was made, stating how actual damage has been done to petitioners' land and buildings, and accompanied by the request by the plaintiffs to the selectmen, that they should assess the damages, occasioned by such alteration, in conformity to sections 18 and 19 of chapter 52 of the Compiled Statutes.

The application is dated the 26th day of December, 1863, and signed by plaintiffs. The statute prescribes no particular form. We think this application was sufficient. It could be fully understood by the selectmen. The applicants comprehensively stated what was wanted. And an award of the selectmen, founded on this application, would have been binding, if the selectmen had thought proper to have acted in the premises. General allegations were sufficient for a tribunal like the board of selectmen ; the rest is left for proof. We find no material variance between this application and the petition afterwards made to this court. The latter as amended is more definite in stating the cause of the injury, and the means, and description of the actual damage, and that the selectmen were responsible for the alteration. The chief difference between the petitions is, that the first was general in its allegations, but at the same time intelligible. In the latter, a more definite and special claim is stated, and both substantially are the same. The

selectmen had ample jurisdiction over the case, and ample time was allowed them before the second petition was filed here.

Objection is taken to the power of amendment by the court above. The case is in the nature of an appealed case. In such cases, where enough appears on the face of the papers to give the appellate court jurisdiction, it is in the discretion of the court to allow the pleadings to be amended, upon motion, provided no new cause of action affecting the jurisdiction of either court, would be introduced thereby. Such is the doctrine of *Osgood* v. *Green*, 30 N. H. 210, which applies, as we think, to this case.

The statute of 1848 authorizes the assessment of damages in this class of cases, as selectmen assess damages in laying out highways. The appraisal embraces all past, present and future damages, which the injurious alteration occasions, or can hereafter reasonably produce. A new alteration may work a new injury. This case is tried and determined upon the facts as they now exist.

We think the court gave to the jury the correct and proper mode for the assessment of damages. In *Carpenter* v. *Landaff*, 42 N. H. 220, and cases there cited, this doctrine is fully discussed. There must be

*Judgment on the verdict.*