RUTHERFORD )
    v.    )    Writ of Error.
RAINS    )

· GRUNDY, HAYES and COOKE, for the plaintiff in error,

38

WHITESIDE & BECK, for the defendant in error,

WHITE, J., delivered the opinion of the court:—

Rains commenced an action of trespass *quare clausum fregit* against Rutherford. The declaration complained "wherefore with force and arms, he broke and entered the close of the said plaintiff" and etc., "For this, that whereas" and etc., setting out the boundaries of the close, and alleging the cutting and hauling away timber, treading down grass, and etc. To this declaration there was a plea of not guilty; and secondly, that the trespass was involuntary, and that he had tendered amends.

A bill of exception shows that on the trial, the counsel for Rutherford moved the court to instruct the jury, that if his servants had committed the trespass against his orders, to find a verdict for him; but the court refused to give such instructions.

The case has been removed to this court by a writ of error, and two points have been urged to reverse the judgment; 1—because the court erred in not charging the jury as requested; 2—because there is no positive or direct charge contained in the declaration, it being only by way of recital, or with a *quod cum,* as it is called.

*(1)* Although the court entertain the opinion that it is the business of the circuit court, especially when requested, to instruct the jury as to the law arising upon the facts which are proved, yet it is believed that an omission to discharge this duty is not a good ground for reversal, unless it can be seen that a correct charge ought to have produced a different verdict. Upon examining the facts stated in the bill of exception, it is con-

40

ceived, if the court had given the proper instructions to the jury, the verdict ought to have been in favor of the same party; and therefore, it is, that in our opinion, the judgment ought not to be reversed on the first point.

(2) 2. Upon the second point, much labor has been bestowed by the counsel. For the plaintiff in error we have been referred to 2. Lev. 206, 193, 1. Mass. Rep. 96, 1. Str. 621, 2 Hen and Mum, 595, 2 Hen and Mum, 127, 271. By the defendant we have been referred to 2. Str. 1151, Barnes' Notes 360, 1. Wils. 99., 2 Wils. 203, 4 Com. Dig. 355, 2 Mass. Rep. 358., Acts of 1809, Chap. 49, Sec. 21.

(3) A word which has occasioned so much controversy as this *cum*, or whereas, certainly merits expulsion in every instance where we can do without it. It has occasioned much labor and expense in different countries, and at different periods. It seems in England in modern times it is rendered in a great degree harmless. In the King's Bench, they got clear of it, by suffering a new bill to be filed; and in the Common Pleas they do not consider the declaration vitiated by it, even where a special demurrer is filed; because there the writ is recited in the court, and taking the whole court together, the trespass is considered as directly charged.

(4) In this country, it is usual at the commencement of this declaration, to insert the plea of the writ, as Debt, Trespass, and the like; but in this declaration the writ is recited, which assimulates this case to the practice in the Common Pleas, although the practice of the King's Bench, in this respect, is the general practice of the country. We may well suppose, taking the whole declaration, a trespass is sufficiently charged.

41

*(5)* Justice Dennison's mode of getting clear of this difficulty seems to have been founded in good sense, which was, to read the declaration exactly as it would stand if whereas were not inserted; and even a hint of this kind ought to be a precedent worthy to be followed in any country, where the decisions of men's disputes upon the merits is the object of the law.

*(6)* Independently of our own statute, we should have no difficulty or hesitation in deciding this point; but when that statute is attended to, there can be no pretense for doubt. It authorizes amendments in the pleadings both as to form and substance, to every extent, except changing the nature of the action. This provision, says the Legislature, is made, that mens' suits may be determined upon the merits, without being entangled in the nice formalities of the law. This section is directly applicable only, to courts inferior to this court; but there is another provision in a subsequent statute, passed the same session, and for our immediate use; it is to this effect, *(7)* that this court shall not reverse, except for some objection to the merits of the judgment, decision, or decree of the circuit court.

*(8)* Rutherford put in a plea to the merits, the cause has been regularly tried, and this objection never hinted at until after a judgment; and it would be cruelty, almost without the color of law, under our statutes, to say that this matter should be unravelled, and the injured party subjected to the whole expense.

The judgment must be affirmed.